FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

OCT 1 6 2007

Stephan Harris, Clerk
Cheyenne

Nicholas H. Carter, Esq.
Stephanie M. Humphrey, Esq.
The Nick Carter Law Firm, P.C.
310 South Gillette Ave., Suite B
P.O. Box 909
Gillette, WY 82717
(307) 682-9349
(307) 687-7690 - Fax

## IN THE UNITED STATES DISTRICT COURT,
## FOR THE DISTRICT OF WYOMING

**RUDOLF DEHAAN,**

*Plaintiff,*

*vs.*

**PERRY ROCKVAM, Individually and as Representative for
CODY POLICE DEPARTMENT, AND**

**CODY POLICE DEPARTMENT, AND**

**SCOTT A. STEWARD, Individually and as Representative for
PARK COUNTY SHERIFF'S DEPARTMENT AND
DETENTION CENTER, AND**

**PARK COUNTY SHERIFF'S OFFICE AND DETENTION CENTER, AND**

**OFFICER TORIN CHAMBERS, AND**

**JOHN DOES #1, #2, #3, #4, #5, AND #6,**

*Defendants.*

Civil Case No.

07-CV-257-J

## COMPLAINT FOR DAMAGES

**COMES NOW** the Plaintiff, Rudolf Dehaan, by and through his undersigned attorneys,

5 summons issued.
receipt #CHY002977 $350

Nicholas H. Carter and Stephanie M. Humphrey, of The Nick Carter Law Firm, P.C., and for a cause of action against Defendants, Cody Police Department, Park County Sheriff's Department and Detention Center, Officer Torin Chambers of the Cody Police Department, and John Does 1 through 6, states and complains as follows:

# FACTS COMMON TO ALL CAUSES OF ACTION
## AND JURISDICTION

1. That Plaintiff is a resident of Park County, State of Wyoming.

2. That Defendants are located in Park County, Wyoming, are individuals employed by, or are governmental agencies operating in and whose principal place of doing business is Park County, State of Wyoming.

3. That all of the events set forth in this Complaint For Damages occurred in Park County, State of Wyoming.

4. That the United States District Court, District of Wyoming has personal jurisdiction over the parties and subject matter jurisdiction over the matters set forth in this Complaint For Damages.

5. That the venue of this civil action is properly set in the United States District Court, District of Wyoming.

6. The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

7.      A Notice of Claims was prepared and served upon the Defendants pursuant to the Governmental Claims Act, Wyo. Stat. Ann. §§1-39-101 through §1-39-121. A copy of the Notice of Claims is attached hereto as "Exhibit A" and incorporated herein.

8.      Mr. Perry Rockvam, Chief of Police at the time, of the Cody Police Department, was served on October 18, 2006, both individually and as a representative of the Cody Police Department. The original Return to Mr. Rockvam is attached hereto as "Exhibit B" and incorporated herein, and the original Return signed by Mr. Rockvam on behalf of the Cody Police Department is attached hereto as "Exhibit C" and incorporated herein.

9.      Mr. Torin Chambers, of the Cody Police Department, was served on October 17, 2006. The original Return is attached hereto as "Exhibit D" and incorporated herein.

10.     Mr. Scott Steward, Park County Sheriff at the time, of the Park County Sheriff's Department and Detention Center was served, both individually and as a representative for the Park County Sheriff's Department and Detention Center, on October 17, 2006. The original Return signed by Mr. Steward is attached hereto as "Exhibit E" and incorporated herein and the Return signed by Mr. Steward on behalf of the Park County Sheriff's Department and Detention Center is attached hereto as "Exhibit F" and incorporated herein..

11.     Plaintiff has never received a response to the Notice of Claims served on the above-mentioned parties.

12. That on or about, October 29, 2004, the Plaintiff was contacted at his residence by Officer/Sergeant Torin Chambers (hereinafter Chambers) of the Cody Police Department in reference to an existing warrant out for the Plaintiff's arrest.

13. That the Plaintiff was confronted by Officer Chambers outside the Plaintiff's residence and that for unknown reasons Sgt. Chambers grabbed and twisted the Plaintiff's previously injured arm behind the Plaintiff's back.

14. Chambers then threw the Plaintiff to the ground and landed on top of the Plaintiff.

15. There was an audible snapping sound when Defendant Chambers and Plaintiff landed on the ground. Chambers remained on top of the Plaintiff with the Plaintiff on the ground in extreme pain.

16. In response, Chambers briefly ceased his assault on the Plaintiff, as the Plaintiff reduced to begging Chambers to let go of his arm.

17. During the assault or shortly thereafter, another officer of the Cody Police Department, Officer Chan Richards, arrived on the scene and yelled at Chambers to get off the Plaintiff and let him go. Officer Richards then finished the transport to the Park County Detention Center in his own police cruiser and without the use of handcuffs or any resistence from the Plaintiff.

18. Plaintiff was confined at the Park County Sheriff's Office and Detention Center for several days. Plaintiff requested medical treatment and had obvious signs of trauma to his arm. All requests for treatment were denied.

19.    The Plaintiff's arm, wrist and hand were so swollen that the fingers were greatly discolored and the skin was near splitting under the pressure.

20.    On or about, November 4, 2004, the Plaintiff was transferred out of Park County to Big Horn County Jail due to overcrowding. Plaintiff issued another medical care request. That request was granted the day of his arrival.

21.    The Plaintiff was seen by a physician and referred to an orthopedic specialist who determined that Plaintiff had a compound fracture of his arm that nearly broke through the skin.

22.    The Plaintiff's arm had begun to heal incorrectly while Plaintiff was held in Park County jail and denied medical treatment. The Orthopedic Surgeon had to re-set the arm during a surgery using plates and screws.

## COUNT I: FOURTH AMENDMENT VIOLATION FOR USE OF EXCESSIVE FORCE --42 U.S.C. §1983

1.    Plaintiff incorporates all of the foregoing allegations.

2.    On or about, October 29, 2007, Chambers' acts of twisting an obviously injured arm up and behind the back of the Plaintiff, then throwing the Plaintiff on the ground and slamming himself on top of the Plaintiff were objectively unreasonable given the circumstances and the fact that the Plaintiff was not attempting to avoid arrest. These actions violated Plaintiff's Fourth Amendment rights protecting him from excessive force from government officials.

3.    All such actions were taken while Chambers acted under the color of law.

4.      Chambers' actions proximately caused the Plaintiff's injuries and damages, as referenced herein.

5.      Chambers' actions were intentional, wanton, willful and/or reckless entitling Plaintiff to an award of punitive damages.

## COUNT II: FOURTH AMENDMENT VIOLATION FOR USE OF EXCESSIVE FORCE --SUPERVISORY LIABILITY -- CODY POLICE DEPARTMENT -- 42 U.S.C. §1983

1.      Plaintiff incorporates all of the foregoing allegations.

2.      On and before October 29, 2004, Chambers acted under the direction and control of the Cody Police Department, and Perry Rockvam, and Does 1-3, as they were his supervisors within the Cody Police Department.

3.      Acting under color of law and pursuant to official policy or custom, Defendants Rockvam, and Does 1-3, knowingly, recklessly, or with deliberate indifference and callous disregard of Plaintiff's rights, failed to instruct, supervise, control, and discipline on a continuing basis Chambers in his duty to refrain from unlawfully, maliciously, intentionally, and/or recklessly assaulting and beating a citizen or otherwise using objectively unreasonable and excessive force before, during or after the making of an arrest, or other citizen encounter, whether such encounter was lawful or unlawful, depriving Plaintiff of his constitutional and statutory rights, privileges and immunities.

4.     Defendants Rockvam and Does 1-3, had knowledge, or had they diligently exercised their duties to instruct, supervise, control and discipline on a continuing basis, should have had knowledge that the wrongs done, as heretofore alleged, were going to be committed.

5.     Defendants Rockvam and Does 1-3, had the necessary power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, knowingly, recklessly, or with deliberate indifference and callous disregard of Plaintiff's rights failed or refused to do so.

6.     Defendant Rockvam and Does 1-3, directly or indirectly under the color of law, approved or ratified the unlawful, deliberate, malicious, reckless and wanton conduct of Chambers herein previously described.

7.     As direct and proximate result of the acts, errors, and omissions of Rockvam and Does 1-3, Plaintiff suffered injuries as set forth herein, in connection with the deprivation of Plaintiff's constitutional and statutory rights guaranteed by the Fourth Amendment of the Constitution of the United States and protected by 42 U.S.C. § 1983.

8.     The actions of Rockvam and Does 1-3, were intentional, wanton, willful, and or reckless entitling Plaintiff to an award of punitive damages.

## COUNT III: EIGHTH AMENDMENT VIOLATION CRUEL AND UNUSUAL PUNISHMENT --42 U.S.C. §1983

1.     Plaintiff incorporates all of the foregoing allegations.

2.     On or about the days following Plaintiff's arrest on October 29, 2004, Plaintiff continually sought medical treatment while incarcerated with the Park County Sheriff's Department and Detention Center.

3.     Plaintiff was first held as an accused prisoner on a warrant. Plaintiff was subsequently held as a convicted prisoner after his sentencing. Both before and after his conviction, Plaintiff's requests for medical treatment were denied.

4.     Officer Richards, the officer that was second to the scene of the arrest, noticed Plaintiff's injuries immediately as was evidenced by his rescue of the Defendant. Even an untrained person could tell that the Plaintiff's arm had been injured due to the swelling and discoloration.

5.     The Sheriff's Department and Detention Center, Scott Steward, and Does 4-6 had a duty to Plaintiff while he was housed in their facility to provide reasonable medical treatment.

6.     Plaintiff's injuries were worsened and required more extensive medical treatment due to the denial of medical treatment.

7.     The unnecessary pain and suffering that the Plaintiff was subject to was outside the scope of the original punishment intended by the Court or allowed by the United States Constitution, or Wyoming statutory laws. This failure to provide medical attention was due to negligent, intentional, reckless, or wanton disregard for the Plaintiff's health, safety, and well-being and meant to punish him further and inflict further pain upon him.

## COUNT IV: EIGHTH AMENDMENT VIOLATION
## CRUEL AND UNUSUAL PUNISHMENT --SUPERVISORY LIABILITY --
## PARK COUNTY SHERIFF'S DEPARTMENT AND
## DETENTION CENTER -- 42 U.S.C. §1983

1. Plaintiff incorporates all of the foregoing allegations.

2. On and before October 29, 2004, when the Plaintiff was arrested and taken to the Park County Sheriff's Department and Detention Center, the Defendants Scott Steward and Does 4-6, acted under the color of law and either at the direction or under the control of the Park County Sheriff's Department and Detention Center.

3. Acting under color of law and pursuant to official policy or custom, Defendants Steward, and Does 4-6, knowingly, recklessly, or with deliberate indifference and callous disregard of Plaintiff's rights, failed to instruct, supervise, control, and discipline on a continuing basis the Park County Sheriff's Department and Detention Center and unlawfully, maliciously, intentionally, and/or recklessly ignored a prisoner's reasonable and lawful request for obviously needed medical attention. The act of ignoring or failing to provide this medical attention deprived Plaintiff of his constitutional and statutory rights, privileges and immunities.

4. Defendants Steward and Does 4-6, had knowledge, or had they diligently exercised their duties to instruct, supervise, control and discipline on a continuing basis, should have had knowledge, that the wrongs done, as heretofore alleged, were going to be committed.

5.     Defendants Steward and Does 4-6, had the necessary power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and with knowing, reckless, or with deliberate indifference and callous disregard of Plaintiff's rights, failed or refused to act.

6.     Defendants Steward and Does 4-6, directly or indirectly under the color of law, approved or ratified the unlawful, deliberate, malicious, reckless and wanton conduct of the Detention Staff and Supervisory Administration by ignoring the Plaintiff's reasonable requests for medical care.

7.     As direct and proximate result of the acts, errors, and omissions of Steward and Does 4-6, Plaintiff suffered injuries as set forth herein, in connection with the deprivation of Plaintiff's constitutional and statutory rights guaranteed by the Fourth Amendment of the Constitution of the United States and protected by 42 U.S.C. § 1983.

8.     The actions and inactions of Steward and Does 4-6, were intentional, wanton, willful, and/or reckless entitling Plaintiff to an award of punitive damages.

## COUNT V: --STATE LAW--NEGLIGENCE AND NEGLIGENT HIRING

1.     Plaintiff incorporates all of the foregoing allegations contained herein.

2.     Defendants Rockvam, Cody Police Department, Officer Chambers, Scott Steward, Park County Sheriff's Department and Detention Center, and Does 1-6, had duties to uphold the

Plaintiff's rights, both constitutionally granted and statutorily granted. They were under an obligation to use reasonable and objective care with respect to their hiring, supervision or training of Chambers, and Does 1-6.

3.    The Defendants, named above, breached their duties by not hiring competent and law-abiding employees, as well as failing to supervise and/or discipline said employees, and by failing to offer competent medical care once Plaintiff was placed in their custody.

4.    The actions and inactions of the Defendants were the cause of the Plaintiff's initial injuries as well as his continued pain and suffering while in the custody of the Park County Sheriff's Department.

5.    The Plaintiff suffered harm due to the negligence of the Defendants and should be compensated for his losses as detailed in this Complaint.

## COUNT VI: BATTERY

1.    Plaintiff incorporates all of the foregoing allegations.

2.    That on or about October 29, 2004, Defendant Chambers, committed the intentional tort of battery upon Plaintiff, Mr. Dehaan, as follows:

   A.    Chambers sought out the Plaintiff at his residence in Park County;

   B.    Defendant Chambers approached Plaintiff just outside his home;

   C.    Plaintiff had an obvious prior injury and his arm was in a cast prior to the encounter with Chambers.;

D.   Defendant Chambers then grabbed the Plaintiff, twisted his arm up and behind Plaintiff, and then threw the Plaintiff onto the ground.  Chambers landed on top of the Plaintiff in a further effort to injure him;

E.   Chambers did not cease twisting the arm further and listening to the Plaintiff scream;

F.   The attack only stopped when another officer pulled Defendant Chambers off of the Plaintiff and helped Plaintiff to his feet.

3.   That as a direct result of the attack the Plaintiff suffered physical injuries needing medical treatment, and eventually surgery to repair the fractured arm.

4.   That the damages suffered by Plaintiff are in excess of the minimum jurisdictional amount of this court.

## COUNT VII: ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 1988

1.   Plaintiff incorporates all of the foregoing allegations.

2.   Plaintiff has incurred reasonable attorney's fees and expenses to pursue his causes of action for deprivation of rights guaranteed by the Constitution and laws of the United States under color of state law, and inextricably intertwined state law claims.

3.   Thus Plaintiff should be entitled an awarded of reasonable attorney fees and costs pursuant to 42 U.S. C. § 1988.

**WHEREFORE**, Plaintiff, Rudolf Dehaan, prays that he be awarded damages from the Defendants, for their negligence as follows:

1.      For a sum of money sufficient to properly and adequately compensate him for:

      A.      The physical injury to his body;

      B.      His past medical expenses;

      C.      His past pain and suffering;

      D.      His past loss of enjoyment of life;

      E.      His past lost wages;

      F.      The permanent disability to his body;

      G.      His future medical expenses;

      H.      His future pain and suffering;

      I.      His future loss of enjoyment of life; and

      J.      His future lost wages.

2.      For the costs incurred by him in this civil action as allowed by law; and

3.      For such other and further relief, in law or in equity, as is deemed by the Court to be necessary, just, and proper.

## JURY DEMAND

The Plaintiff hereby respectfully demands a jury trial on all claims asserted herein.


**RESPECTFULLY SUBMITTED** this 15th day of October, 2007.

Nicholas H. Carter, Esq., and
Stephanie M. Humphrey, Esq.
**The Nick Carter Law Firm, P.C.**
Attorneys for Plaintiff
P. O. Box 909
Gillette, WY 82717-0909
(307) 682-9349
FAX (307) 687-7690
E-mail: attorneys@nickcarterlaw.net

# IN THE UNITED STATES DISTRICT COURT,
## FOR THE DISTRICT OF WYOMING

**RUDOLF DEHAAN,**

      *Plaintiff,*

  *vs.*                                            **Civil Case No.**

**PERRY ROCKVAM, Individually and as Representative for
CODY POLICE DEPARTMENT, AND**

**CODY POLICE DEPARTMENT, AND**

**SCOTT A. STEWARD, Individually and as Representative for
PARK COUNTY SHERIFF'S DEPARTMENT AND
DETENTION CENTER, AND**

**PARK COUNTY SHERIFF'S OFFICE AND DETENTION CENTER, AND**

**OFFICER TORIN CHAMBERS, AND**

**JOHN DOES #1, #2, #3, #4, #5, AND #6,**

      *Defendants.*

## EXHIBIT A TO COMPLAINT

Attached.

# NOTICE OF CLAIMS

**************************************************************************

TO:        Cody Police Department
               Perry Rockvam, Chief of Police
               1402 River View Drive
               Cody, Wyoming 82414

               Officer Torin Chambers
               c/o Cody Police Department
               1402 River View Drive
               Cody, Wyoming 82414

               Park County Sheriff's Department and Detention Center
               Scott A Steward, Sheriff
               1402 River View Drive
               Cody, Wyoming 82414

      This Notice of Claims is authorized by and submitted pursuant to the Wyoming Governmental Claims Act, Wyo. Stat. Ann. §§ 1-39-101 to 1-39-121 (LexisNexis 2005), with particular reference to Section 1-39-112 and Section 1-39-113. Rudolf Dehaan, by and through his counsel, Nicholas H. Carter and Stephanie M. Turner, of Carter Law Office P.C., present the following claim and demand for payment against Cody Police Department, Officer Torin Chambers of the Cody Police Department, who at the time of the incident was a Sergeant, and the Park County Sheriff's Department and Detention Center.

## A.    TIME, PLACE, AND CIRCUMSTANCES OF LOSS/INJURY

      In October of 2004 Rudolf Dehaan had fallen from his oil rig and suffered a broken arm. He had sought and received medical attention for that fracture. The doctor that Mr. Dehaan had seen had set the arm, placed him in a cast, and taken an x-ray to make sure that it was properly set within the cast. The doctor told Mr. Dehaan that he would need the cast removed in mid-November.

      In the evening hours of October 29, 2004 Sgt. Torin Chambers of the Cody Police Department located Mr. Dehaan in reference to an existing warrant. Sgt. Chambers arrived at Mr. Dehaan's residence and noticed Mr. Dehaan coming out of his front door. Sgt. Chambers then confronted Mr. Dehaan.

Sgt. Chambers was familiar with Mr. Dehaan, as they had met on several occasions prior to the October 29, 2004 incident. Mr. Dehaan had never fled from or provoked any physical altercations with Sgt. Chambers in any prior meetings. Mr. Dehaan had never been charged with Interference With a Law Enforcement Officer and was not charged with Interference on October 29, 2004 as a result of the incident between he and Sgt. Chambers. A fact that implies Mr. Dehaan, did not resist arrest and his conduct did not give rise to such extreme and malicious treatment that Sgt. Chambers inflicted upon Mr. Dehaan.

For reasons unknown, Sgt. Chambers slammed Mr. Dehaan to the ground when placing him under arrest. Sgt. Chambers landed on top of Mr. Dehaan with his broken arm, still in the cast from his prior fall, twisted and pulled his arm up behind him. There was an audible snapping sound when they landed, in response Sgt. Chambers briefly ceased his assault on Mr. Dehaan. Mr. Dehaan describes it as "sort of letting go for a second." Mr. Dehaan then screamed out in pain and begged Sgt. Chambers to let him go because the officer was hurting his arm. However, Sgt. Chambers continued to twist the arm.

Shortly after Sgt. Chambers broke Mr. Dehaan's arm another police department officer, Officer Chan Richards, arrived on the scene. Officer Richards was not a ranked officer at the time, but he still recognized the assault that was taking place. He yelled at Sgt. Chambers to get off of Mr. Dehaan, and told Sgt. Chambers to "knock it off and let go." Officer Richards helped Mr. Dehaan off the ground and into the front seat of his police cruiser. Officer Richards did so without handcuffs, and with no resistance from our client.

For the next several days Mr. Dehaan was confined in the Park County Jail. His arm was extremely swollen and his fingers were very dark shades of black and purple, and they were so swollen that they began to split and the skin began to peel off of them. He continuously asked to see a doctor while he was incarcerated but every request was denied. His arm, wrist and hand continued to swell and discolor.

On November 3, 2004 Mr. Dehaan was transported to the Big Horn County Jail due to overcrowding in Park County. The same day he arrived at their facility his request for medical treatment was granted and an appointment to see a doctor was made. The doctor took the cast off and ordered Mr. Dehaan to see an orthopedic specialist. The doctor placed Mr. Dehaan in a splint because the swelling was too great to leave the arm in the original cast, and was release back into the general population of their facility.

On November 5, 2006, Mr. Dehaan saw Dr. Hayden, in Powell, after his release from jail. Further x-rays were ordered and showed a compound fracture of the right forearm that nearly punctured the skin. The medical records and x-ray films show the extent of the damage to Mr. Dehaan's arm. Not only had Sgt. Chambers re-broken it, but it had begun to heal in the compound fashion in which it had been broken. Dr. Hayden had initial concerns that the flesh was beginning to rot in the area of the break. Mr. Dehaan's arm required surgery to clean up the wound, and the doctor had to reset it using plates and screws. A surgery that would never have been required but for the acts of Sgt. Chambers, his negligent hiring, training and supervision by the Cody Police Department, and the denial of reasonable medical treatment by the Detention Center.

## CLAIM I

**Negligence on behalf of the Cody Police Department.** The police department owes a duty to the public to properly hire or train its officers. They also have a duty to properly supervise their employees and officers. The Cody Police Department failed in all of these categories with respect to then Sergeant Torin Chambers.

**Negligence on behalf of then Sgt. Torin Chambers.** Sgt. Chambers owed a general duty of a reasonable officer in the circumstances of an arrest to Mr. Dehaan. He should have followed proper procedures during the arrest, and he also had a duty to not negligently injure the accused in the process. Mr. Dehaan had an obvious injury when Sgt. Chambers first came in contact with him. His arm was in a cast that ranged from his fingers to his elbow. No reasonable law enforcement officer would have seen the necessity to place Mr. Dehaan, who was not resisting arrest at the time, on the ground and yank an already broken arm behind his back

**Negligence on behalf of the Sheriff's Department and Detention Center.** The Park County Detention Center, a division of the Park County Sheriff's Office, had a duty to treat its prisoners fairly and with needed medical care. Further, the Park County Detention Center owed a duty to Mr. Dehaan, first as a detainee and then as a convicted prisoner, to provide him with any and all necessary medical care.

Mr. Dehaan's injury was immediately noted by Officer Richards who delivered him to the Detention Center, but was also repeatedly reported to staff and personnel of the Detention Center by Mr. Dehaan. Every request Mr. Dehaan made to see a physician was denied. As his fingers turned black and his entire arm continued to swell for days, no one would allow Mr. Dehaan to see a doctor or to be taken to the local hospital for treatment.

The compound fracture began to heal on its own and in an incorrect position, with one part of the bone sitting at an angle toward the top of the other, this is a direct result of not seeking proper medical attention for its prisoners. As the days without treatment continued, even a lay person could tell that the situation was deteriorating. The arm eventually had to be cleared of a building infection before surgery could be preformed, another direct result of a lack of medical attention. Mr. Dehaan's arm will eventually require an additional surgery to remove the plate that was placed on the bone during the first surgery.

## CLAIM II

Violation of 42 U.S.C. §1983, a deprivation of rights. According to this section,

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or caused to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws

shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress..."

Clearly, the negligent hiring, training, and supervision of an officer, the battering of an accused and then convicted man, either negligently or intentionally, and the denial of obviously needed medical care is prohibited by this statute.

## CLAIM III

Harassment. Even after nearly two years, Officer Chambers continues to harass Mr. Dehaan. In June of 2006 my client was pulled over for no other reason than that Sgt. Chambers believed that Mr. Dehaan might have an invalid Driver's License. He did not take the opportunity to double check with his dispatch staff to review Mr. Dehaan's driving record. Had he done so, he would have realized that the was no problem with Mr. Dehaan's driver's license. Park County Attorney Brian Skoric dismissed the ticket that was issued by Officer Chambers.

As Mr. Dehaan prepared to leave the scene of the traffic stop, Officer Chambers began to laugh and asked Mr. Dehaan "How's the ol'arm, Rudy?." Not only could this be considered an admission, but it is also a continuation of the harassment Mr. Dehaan has suffered at the hands of this officer and the department that employs him.

## CLAIM IV

Excessive Use of Force and a Violation under the Fourth Amendment of the U.S. Constitution. The Fourth Amendment to the Constitution guarantees people the right "to be secure in their persons...against unreasonable seizures." and must be judged according to the reasonableness standard. According to *Graham v. Conner et al.*, 490 U.S. 386, 109 S.Ct.1865 (1989) when an arrest of a free person is in question, as it was with Mr. Dehaan, it is the Fourth Amendment that is implicated. It goes on to say that, "the 'reasonableness' of a particular seizure depends not only on when it is made, but also on how it is carried out."

Certainly, if Mr. Dehaan had been physically fighting with Officer Chambers placing him on the ground to regain control might have been necessary. However, Officer Chambers didn't just stop with his application of force by throwing Mr. Dehaan on the ground, but by continuing the assault and twisting an already broken arm in an effort to fight handcuffs over it, knowing full well that they were not made with such a large circumference. There existed no other reason to continue with this line of attack other than to continue to cause Mr. Dehaan unreasonable and unnecessary pain.

The Supreme Court continues its analysis in *Graham* of the reasonable use of force by stating that a balancing test should be used to determine if the person's fourth amendment rights are violated or outweighed by the interests of the government in the particular circumstances. The Supreme Court says the "proper application requires carful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the

suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Mr. Dehaan was being accused of violating a protection order by leaving a message on a voicemail account relating to visitation his daughter. This is certainly not the sort of dangerous crime the Supreme Court must have intended. Mr. Dehaan did not pose a serious threat or risk to himself or to the officer and he was not resisting arrest. Even Officer Richards, the other officer on the scene could see the behavior of Officer Chambers was unnecessary. Officer Richards is the one that came to Mr. Dehaan's rescue and ordered Officer Chambers off of Mr. Dehaan.

## CLAIM V

Denial of medical treatment to a convicted prisoner is a violation of the Eighth Amendment of the U.S. Constitution. Convicted prisoner's have a right against cruel and unusual punishment. The Park County Sheriff's Department and Detention Center violated that right by refusing to seek medical treatment for Mr. Dehann, first as an accused held on a warrant and then as a convicted prisoner after he was sentenced. Mr. Dehaan did not receive any care until he was transferred out of the Park County facility. By that point, even a lay person could see that the situation had been and was continuing to deteriorate to the point that serious medical attention was necessary.

## B. CLAIMANT

Pursuant to and as required by Wyoming law cited above the Claimant, personally, provides her name, and address as follows:

Mailing Address:

Rudy Dehaan
P.O. Box 1796
Worland, WY 82401

Physical Address:

Rudy Dehaan
121 Grace Street
Worland, WY 82401

## C. ATTORNEYS FOR CLAIMANT

The name and address of counsel, likewise required by the Governmental Claims Act above cited, are as follows:

> Nicholas H. Carter
> Stephanie M. Turner
> Carter Law Office, P.C.
> 310 South Gillette Ave., Suite B
> P.O. Box 909
> Gillette, WY 82717
> (307) 682-9349

## D. COMPENSATION/DAMAGES

The Claimant has sustained damage for that recoverable under the Wyoming Governmental Claims Act. Damages are claimed and demanded for the following:

| | |
|---|---|
| Medical Expenses: | $6,412.26 |
| Future Medical: | currently unknown, see below for details |
| Lost Wages: | $ 25,000.00 |
| Pain and Suffering: | $ 218,587.74 |
| Grand total of damages sought: | $250,000.00 |

Please see the Medical Expense Summary for an itemized statement of expenses and medical providers attached hereto and incorporated herein. Not all of the medical providers have been able to provide a complete itemized statement to us. The totals included are the best records that our office has to date, but we will immediately update all parties if and when there are any changes or additional information given. Further, there is a need for a future surgery on Mr. Dehaan's arm to remove the plate and screws. We are currently attempting to get an estimate for this surgery.

Please see the documentation provided to Worker's Compensation forms that were filled out on the date of the original injury this is attached hereto and incorporated herein. This is included to show how much money Mr. Dehaan was making prior to being injured. Mr. Dehaan would have been able to go back to work within four weeks of the initial injury but for the re-injury his arm sustained in the Officer Chambers incident. Instead he was not able to seek work for a much longer period of time. He took odd jobs to maintain some level of income, however,

Mr. Dehaan was black-listed from the oil field due to the amount of time off he required to heal. This time period was nearly a year. Mr. Dehaan's pay in the water drilling industry, where he is currently employed, is significantly lower than he was making in the oil field industry before this October/November incident in 2004. He is currently employed at $14.00 per hour.

As this claim continues, we will provide each medical bill that Mr. Dehaan has incurred, the medical records that we have requested and received, as well as any additional discovery that is requested by any of the parties.

## E. BOARDS, AGENCIES, AND INDIVIDUALS

These claims are made against the Cody Police Department, the Park County Sheriff's Department and Detention Center and Torin Chambers, an Officer of the Cody Police Department, of Cody, Wyoming, and their employees and representatives. Those who are responsible are administrators, board members, quality assurance directors, and other Police Department employees and/or Sheriff Deputies or Detention officers and employees charged with the duties of arresting accused individuals, or seeing that their health requests are timely evaluated and answered.

Pursuant to Wyoming Governmental Claims Act, the Cody Police Department, Officer Chambers and the Sheriff's Department and Detention Center are liable for the acts for their employees as set forth herein, as those employees were all acting within the course and scope of their employment at the time of the events giving rise to this claim.

## F. SERVICE

This Notice of Claims is made pursuant to Wyoming Governmental Claims Act and is submitted pursuant to statute, and is not to be used for any other reason.

A duplicate copy of the Notice of Claim will be served upon the Cody Police Department, Chief Perry Rockvam, the Park County Sheriff's Department and Detention Center, Sheriff Scott A Steward, as well Officer Torin Chambers of the Cody Police Department as an individual, as well as any other individual that we may discover through formal discovery to whom this Notice of Claim is addressed.

DATED this _____ day of October, 2006.

_____
RUDOLF DEHAAN

## **VERIFICATION**

State of Wyoming          )
                          )     SS.
County Of Campbell   )

Rudolf Dehaan, being of lawful age and first duly sworn upon his oath, deposes and states under penalty of perjury that he has read the foregoing Notice of Claim, that he knows the contents thereof, and that the things contained therein are believed to be true to the best of his knowledge and belief.

RUDOLF DEHAAN

The foregoing was subscribed and sworn before me by Rudolf Dehaan, personally, this _____ day for October, 2006.

WITNESS my hand and official seal.

(Seal)

Notary Public

Commission Expiration Date

DATED this _____ day of October, 2006.

NICHOLAS H. CARTER
STEPHANIE M. TURNER
CARTER LAW OFFICE, P.C.
310 South Gillette Avenue, Suite B
P. O. Box 909
Gillette, WY 82717-0909
(307) 682-9349
FAX: (307) 687-7690
E-mail: attorneys@cartererb.com

RETURN OF SERVICE

STATE OF WYOMING          )
                          )     SS.
COUNTY OF CAMPBELL   )

  I, _____, do hereby certify that I served duplicate originals of Rudolf Dehaan's NOTICE OF CLAIMS at _____ (a.m.) (p.m.), on the _____ day of October, 2006, in the county aforesaid, by delivering the same to:

_____ personally and in  person, at:

_____

_____

STATE OF WYOMING          )
                          )     SS.
COUNTY OF CAMPBELL   )

  The foregoing RETURN OF SERVICE was subscribed and sworn to before me by _____ this _____ date of October, 2006.

  Witness my hand and official seal.

  (Seal)

          _____
          NOTARY PUBLIC

My commission expires:_____

# IN THE UNITED STATES DISTRICT COURT,
# FOR THE DISTRICT OF WYOMING

**RUDOLF DEHAAN,**

>  *Plaintiff,*

> *vs.*                                                                                 **Civil Case No.**

**PERRY ROCKVAM, Individually and as Representative for
CODY POLICE DEPARTMENT, AND**

**CODY POLICE DEPARTMENT, AND**

**SCOTT A. STEWARD, Individually and as Representative for
PARK COUNTY SHERIFF'S DEPARTMENT AND
DETENTION CENTER, AND**

**PARK COUNTY SHERIFF'S OFFICE AND DETENTION CENTER, AND**

**OFFICER TORIN CHAMBERS, AND**

**JOHN DOES #1, #2, #3, #4, #5, AND #6,**

> *Defendants.*

# EXHIBIT B TO COMPLAINT

Attached.

RETURN OF SERVICE

STATE OF WYOMING )
                      ) SS.
COUNTY OF ~~CAMPBELL~~ Park )

I, Katherine Brown , do hereby certify that I served duplicate originals of Rudolf Dehaan's NOTICE OF CLAIMS at 10 : 20 (a.m.) (p.m.), on the 18th day of October, 2006, in the county aforesaid, by delivering the same to:

Perry Rockvam, Chief of Police personally and in person, at: 1402 River view Drive, Cody WY 82414

Katherine A. Brown

STATE OF WYOMING )
                      ) SS.
COUNTY OF ~~CAMPBELL~~ Park )

The foregoing RETURN OF SERVICE was subscribed and sworn to before me by Katherine Brown this 18th date of October, 2006.

Witness my hand and official seal.

BRENDA ANN ERNEST   NOTARY PUBLIC
COUNTY OF           STATE OF
(Park)              WYOMING
MY COMMISSION EXPIRES APRIL 19, 2009

Brenda Ann Ernest
NOTARY PUBLIC

My commission expires: 4-19-09

# IN THE UNITED STATES DISTRICT COURT,
# FOR THE DISTRICT OF WYOMING

**RUDOLF DEHAAN,**

      *Plaintiff,*

  *vs.*                                               **Civil Case No.**

**PERRY ROCKVAM, Individually and as Representative for**
**CODY POLICE DEPARTMENT, AND**

**CODY POLICE DEPARTMENT, AND**

**SCOTT A. STEWARD, Individually and as Representative for**
**PARK COUNTY SHERIFF'S DEPARTMENT AND**
**DETENTION CENTER, AND**

**PARK COUNTY SHERIFF'S OFFICE AND DETENTION CENTER, AND**

**OFFICER TORIN CHAMBERS, AND**

**JOHN DOES #1, #2, #3, #4, #5, AND #6,**

      *Defendants.*

## EXHIBIT C TO COMPLAINT

Attached.

RETURN OF SERVICE

STATE OF WYOMING )
COUNTY OF ~~CAMPBELL~~ PARK ) SS.

I, Katherine A. Brown do hereby certify that I served duplicate originals of Rudolf Dehaan's NOTICE OF CLAIMS at 10:20 (a.m.)(p.m.), on the 18th day of October, 2006, in the county aforesaid, by delivering the same to:

Perry Rockvam on behalf of Cody Police Dept personally and in person, at: 1402 Riverview Drive, Cody WY 82414

Katherine A. Brown

STATE OF WYOMING )
COUNTY OF ~~CAMPBELL~~ Park ) SS.

The foregoing RETURN OF SERVICE was subscribed and sworn to before me by Katherine A. Brown this 18th date of October, 2006.

Witness my hand and official seal.

BRENDA ANN ERNEST   NOTARY PUBLIC
COUNTY OF (Seal)   STATE OF WYOMING
MY COMMISSION EXPIRES APRIL 19, 2009

Brenda Ann Ernest
NOTARY PUBLIC

My commission expires: 4-19-09

# IN THE UNITED STATES DISTRICT COURT,
# FOR THE DISTRICT OF WYOMING

**RUDOLF DEHAAN,**

       *Plaintiff,*

    *vs.*                                             **Civil Case No.**

**PERRY ROCKVAM, Individually and as Representative for**
**CODY POLICE DEPARTMENT, AND**

**CODY POLICE DEPARTMENT, AND**

**SCOTT A. STEWARD, Individually and as Representative for**
**PARK COUNTY SHERIFF'S DEPARTMENT AND**
**DETENTION CENTER, AND**

**PARK COUNTY SHERIFF'S OFFICE AND DETENTION CENTER, AND**

**OFFICER TORIN CHAMBERS, AND**

**JOHN DOES #1, #2, #3, #4, #5, AND #6,**

       *Defendants.*

## EXHIBIT D TO COMPLAINT

Attached.

RETURN OF SERVICE

STATE OF WYOMING )
_Park_ ) SS.
COUNTY OF ~~CAMPBELL~~ )

I, Katherine Brown, do hereby certify that I served duplicate originals of Rudolf Dehaan's NOTICE OF CLAIMS at 9:50 (a.m.) (p.m.), on the 17th day of October, 2006, in the county aforesaid, by delivering the same to:

Officer Torin Chambers personally and in person, at:

1402 Riverview Drive, Cody WY 82414

Katherine A. Brown

STATE OF WYOMING )
_Park_ ) SS.
COUNTY OF ~~CAMPBELL~~ )

The foregoing RETURN OF SERVICE was subscribed and sworn to before me by Katherine Brown this 18th date of October, 2006.

Witness my hand and official seal.

Roy D. Holliday, Jr.    Notary Public
(Seal) of
Park          State of
            Wyoming
My Commission Expires March 30. 2010

Roy D Holliday Jr.
NOTARY PUBLIC

My commission expires: Mar. 30, 2010

# IN THE UNITED STATES DISTRICT COURT,
# FOR THE DISTRICT OF WYOMING

**RUDOLF DEHAAN,**

      *Plaintiff,*

  *vs.*                                                                  **Civil Case No.**

**PERRY ROCKVAM, Individually and as Representative for
CODY POLICE DEPARTMENT, AND**

**CODY POLICE DEPARTMENT, AND**

**SCOTT A. STEWARD, Individually and as Representative for
PARK COUNTY SHERIFF'S DEPARTMENT AND
DETENTION CENTER, AND**

**PARK COUNTY SHERIFF'S OFFICE AND DETENTION CENTER, AND**

**OFFICER TORIN CHAMBERS, AND**

**JOHN DOES #1, #2, #3, #4, #5, AND #6,**

      *Defendants.*

## EXHIBIT E TO COMPLAINT

Attached.

RETURN OF SERVICE

STATE OF WYOMING     )
            Park     )     SS.
COUNTY OF ~~CAMPBELL~~   )

I, Katherine Brown, do hereby certify that I served duplicate originals of Rudolf Dehaan's NOTICE OF CLAIMS at 2:00 (a.m.)(p.m)), on the 17th day of October, 2006, in the county aforesaid, by delivering the same to:

Scott Steward, Park Co. Sheriff personally and in person, at:

1402 River view Drive, Cody WY 82414

Katherine A. Brown

STATE OF WYOMING     )
            Park     )     SS.
COUNTY OF ~~CAMPBELL~~   )

The foregoing RETURN OF SERVICE was subscribed and sworn to before me by Katherine Brown this 17th date of October, 2006.

Witness my hand and official seal.

(Seal)

Roy D. Holliday, Jr.
Notary Public
County of Park
State of Wyoming
My Commission Expires March 30, 2010

Roy D. Holliday Jr.
NOTARY PUBLIC

My commission expires: Mar 30, 2010

Notice of Claims
Rudolf Dehaan
Page 9 of 9

# IN THE UNITED STATES DISTRICT COURT,
# FOR THE DISTRICT OF WYOMING

**RUDOLF DEHAAN,**

     *Plaintiff,*

  *vs.*                                                        **Civil Case No.**

**PERRY ROCKVAM, Individually and as Representative for**
**CODY POLICE DEPARTMENT, AND**

**CODY POLICE DEPARTMENT, AND**

**SCOTT A. STEWARD, Individually and as Representative for**
**PARK COUNTY SHERIFF'S DEPARTMENT AND**
**DETENTION CENTER, AND**

**PARK COUNTY SHERIFF'S OFFICE AND DETENTION CENTER, AND**

**OFFICER TORIN CHAMBERS, AND**

**JOHN DOES #1, #2, #3, #4, #5, AND #6,**

     *Defendants.*

## EXHIBIT F TO COMPLAINT

Attached.

RETURN OF SERVICE

STATE OF WYOMING          )
                 Park     )    SS.
COUNTY OF ~~CAMPBELL~~  )

I, Katherine Brown , do hereby certify that I served duplicate originals of Rudolf Dehaan's NOTICE OF CLAIMS at 2:00 (a.m.) (p.m.) on the 17th day of October, 2006, in the county aforesaid, by delivering the same to:

Scott Steward on behalf of Park Co. Sheriffs Dept. , and in person, at:

1402 Riverview Drive, Cody WY 82414

Katherine A. Brown

STATE OF WYOMING          )
                 Park     )    SS.
COUNTY OF ~~CAMPBELL~~  )

The foregoing RETURN OF SERVICE was subscribed and sworn to before me by Katherine Brown this 17th date of October, 2006.

Witness my hand and official seal.

Roy D. Holliday, Jr    Notary Public
Cour (Seal)              State of
Park                    Wyoming
My Commission Expires March 30, 2010

Roy D Holliday Jr.
NOTARY PUBLIC

My commission expires: Mar. 30, 2010