Bruce A. Salzburg
Attorney General

John W. Renneisen
Deputy Attorney General

Christine Cox
Senior Assistant Attorney General
Herschler Building, First Floor West
Cheyenne, WY 82002
(307) 777-7250
 (307) 777-8920 facsimile

Attorneys for Perry Rockvam, Scott Steward and Torin Chambers in their Individual Capacities.

## IN THE UNITED STATES DISTRICT COURT,
## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| RUDOLF DEHAAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No. 07-CV-257-J |
| | ) | |
| PERRY ROCKVAM, et al. | ) | |
| | ) | |
| Defendants. | ) | |

---

### *ANSWER AND AFFIRMATIVE DEFENSES OF CHIEF PERRY ROCKVAM,*
### *SHERIFF SCOTT STEWARD IN THEIR INDIVIDUAL CAPACITIES*

---

COMES NOW, Defendants Chief Perry Rockvam and Sheriff Scott Steward, for state

law claims and in their individual capacities for federal law claims, by and through the Office

of the Attorney General of the State of Wyoming, and for their Answer and Affirmative

Defenses state as follows:

# ANSWER

## Facts Common to All Causes of Action and Jurisdiction

1.     Defendants are without sufficient information upon which to form a belief as to the truth of the matters contained in Paragraph 1 of Plaintiff's Complaint and therefore deny the same.

2.     Defendants admit the allegations contained in Paragraphs 2 and 3 of Plaintiff's Complaint.

3.     Defendants deny the allegations contained in Paragraphs 4, 5, and 6 of Plaintiff's Complaint.

4.     Defendants admit that a Governmental Claim was served on the Defendants and attached to the Complaint as alleged in Paragraphs 7, 8, 9, and 10 of Plaintiff's Complaint.  Defendants deny that the original returns were attached, that the returns were signed by the Defendants, and that this Court has jurisdiction over any state law claims by virtue of said Governmental Claim.

5.     Defendants are without sufficient information upon which to form a belief as to the truth of the matters contained in Paragraph 11 of Plaintiff's Complaint and therefore deny the same.

*Deehan v. Rockvam, et al.,* Case No. 07-CV-257-J
Answer and Affirmative Defenses Rockvam and Steward
Page 2 of 11

6.      Defendants deny the allegations contained in Paragraphs 12, 13, 14, 15, 16, and 17 of Plaintiff's Complaint.

7.      Defendants admit that Plaintiff was held in the Park County Detention Center but deny every other allegation contained in Paragraph 18 of Plaintiff's Complaint.

8.      Defendants deny the allegations contained in Paragraph 19 of Plaintiff's Complaint.

9.      Defendants admit that Plaintiff was transferred to Big Horn County Detention Center but are without sufficient information upon which to form a belief as to the truth of the remaining matters contained in Paragraph 20 of Plaintiff's Complaint and therefore deny the same.

10.     Defendants are without sufficient information upon which to form a belief as to the truth of the matters contained in Paragraphs 21 and 22 of Plaintiff's Complaint and therefore deny the same.

Count I: Fourth Amendment Violation for use of Excessive Force – 42 U.S.C. § 1983

11.     In response to Paragraphs 1 of Count I of Plaintiff's Complaint, Defendants incorporate and reallege their foregoing responses to Plaintiff's Complaint.

12.     In response to Paragraphs 2, 3, 4, and 5 of Plaintiff's Complaint, the Defendants assert the allegations contained therein are not directed to them and do not

*Deehan v. Rockvam, et al.*, Case No. 07-CV-257-J
Answer and Affirmative Defenses Rockvam and Steward
Page 3 of 11

require an answer.  To the extent a response is required, the Defendants deny all allegations implied or asserted therein.

Count II: Fourth Amendment Violation for use of Excessive Force –<br/>Supervisory Liability – Cody Police Department – 42 U.S.C. § 1983

13.     In response to Paragraph 1 of Count II of Plaintiff's Complaint, Defendants incorporate and reallege their foregoing responses to Plaintiff's Complaint.

14.     Defendants admit that Chief Perry Rockvam was the Chief of Police and therefore, director of the department, but deny each and every other allegation contained in Paragraph 2 of Claim II of Plaintiff's Complaint.

15.     Defendants deny the allegations contained in Paragraphs 3, 4, 5, 6, 7, and 8 of Count II of Plaintiff's Complaint.

Count III: Eighth Amendment Violation<br/>Cruel and Unusual Punishment – 42 U.S.C. § 1983

16.     In response to Paragraph 1 of Count III of Plaintiff's Complaint, Defendants incorporate and reallege their foregoing responses to Plaintiff's Complaint.

17.     Defendants deny the allegations contained in Paragraph 2 of Count III of Plaintiff's Complaint.

*Deehan v. Rockvam, et al.*, Case No. 07-CV-257-J
Answer and Affirmative Defenses Rockvam and Steward
Page 4 of 11

18.     Defendants admit that Plaintiff was housed in the Park County Detention Center but deny that Plaintiff requested and was denied medical treatment as alleged in Paragraph 3 of County III of Plaintiff's Complaint.

19.     Defendants deny the allegations contained in Paragraph 4 of Count III of Plaintiff's Complaint.

20.     The allegations contained in Paragraph 5 of Count III of Plaintiff's Complaint call for a legal conclusion.  To the extent that the allegations require an answer, Defendants deny Paragraph 5 of Count III of Plaintiff's Complaint.

21.     Defendants deny the allegations contained in Paragraphs 6 and 7 of Count III of Plaintiff's Complaint.

Count IV: Eighth Amendment Violation Cruel and Unusual Punishment – Supervisory Liability – Park County Sheriff's Department and Detention Center – 42 U.S.C. § 1983

22.     In response to Paragraph 1 of Count IV of Plaintiff's Complaint, Defendants incorporate and reallege their foregoing responses to Plaintiff's Complaint.

23.     The allegations contained in Paragraph 2 of Count IV of Plaintiff's Complaint call for a legal conclusion.  To the extent that the allegations require an answer, Defendants deny Paragraph 2 of Count IV of Plaintiff's Complaint.

24.     Defendants deny the allegations contained in Paragraphs 3, 4, 5, 6, 7, and 8 of Count IV of Plaintiff's Complaint.

*Deehan v. Rockvam, et al.,* Case No. 07-CV-257-J
Answer and Affirmative Defenses Rockvam and Steward
Page 5 of 11

<u>Count V: State Law – Negligence and Negligent Hiring</u>

25.    In response to Paragraph 1 of Count V of Plaintiff's Complaint, Defendants incorporate and reallege their foregoing responses to Plaintiff's Complaint.

26.    The allegations contained in Paragraph 2 of Count V of Plaintiff's Complaint call for a legal conclusion.  To the extent that the allegations require an answer, Defendants deny Paragraph 2 of Count V of Plaintiff's Complaint.

27.    Defendants deny the allegations contained in Paragraphs 3, 4, and 5 of Count V of Plaintiff's Complaint.

<u>Count VI: Battery</u>

28.    In response to Paragraph 1 of Count VI of Plaintiff's Complaint, Defendants incorporate and reallege their foregoing responses to Plaintiff's Complaint.

29.    In response to Paragraphs 2, 3, and 4, including all subparts, of Plaintiff's Complaint, the Defendants assert the allegations contained therein are not directed to them and do not require an answer.  To the extent a response is required, the Defendants deny all allegations implied or asserted therein.

<u>Count VII: Attorney's Fees Pursuant to 42 U.S.C. § 1988</u>

30.    In response to Paragraph 1 of Count VII of Plaintiff's Complaint, Defendants incorporate and reallege their foregoing responses to Plaintiff's Complaint.

*Deehan v. Rockvam, et al.,* Case No. 07-CV-257-J
Answer and Affirmative Defenses Rockvam and Steward
Page 6 of 11

31.     Defendants admit that Plaintiff has most likely incurred attorney's fees but deny each and every other allegation contained in Paragraph 2 of County VII of Plaintiff's Complaint.

32.     Defendants deny the allegations contained in Paragraph 3 of Count VII of Plaintiff's Complaint.

### AFFIRMATIVE DEFENSES

1.      Defendant Steward was not personally involved, did not acquiesce, or have any knowledge of the events surrounding the alleged injury.

2.      Defendant Chambers was not personally involved, did not acquiesce, or have any knowledge of the events surrounding the alleged injury.

3.      There is no affirmative link between any act or omission by the Defendants and the alleged injury to the Plaintiff.

4.      Plaintiff's injuries, if any, were proximately caused by the Plaintiff or third parties whose fault is greater than the Defendants, if any.

5.      All actions taken by the Defendants were privileged and authorized by law.

6.      Plaintiff's conduct was such as to bar or reduce his damages.

7.      Defendants are immune from suit under the Eleventh Amendment to the United States Constitution.

*Deehan v. Rockvam, et al.,* Case No. 07-CV-257-J
Answer and Affirmative Defenses Rockvam and Steward
Page 7 of 11

8.      Defendants are entitled to qualified immunity and/or "good faith" qualified immunity.

9.      Respondeat superior is not an adequate basis for liability for a claim brought under 42 U.S.C. §1983.

10.     Plaintiff has failed to mitigate his damages.

11.     Plaintiff's Complaint fails to state a claim upon which relief may be granted.

12.     This Court lacks subject matter jurisdiction over one or more of Plaintiff's claims.

13.     Defendants are immune from suit over one or more of Plaintiff's claims under the Wyoming Governmental Claims Act.

14.     This Court lacks jurisdiction over Plaintiff's state law claims.

15.     Defendants' actions met the applicable standard of care and they used only necessary and reasonable force.

16.     Defendants were privileged and authorized by law to act as they did.

17.     Defendants' acts were reasonably necessary to protect the public good.

18.     Under the circumstances of this case, the acts of Defendants were objectively reasonable.

19.     Plaintiff's claims are frivolous.

*Deehan v. Rockvam, et al.*, Case No. 07-CV-257-J
Answer and Affirmative Defenses Rockvam and Steward
Page 8 of 11

20.     Defendants alleges that they acted in good faith at all times and therefore are immune from suit.

21.     One or more of Plaintiff's claims are barred by the applicable statute of limitations.

22.     The Defendants assert that Plaintiff's conduct constitutes more than fifty (50) percent of the total fault when compared to the actions of all actors, and, thus, constitutes a bar to any recovery.

23.     The Defendants allege that Plaintiff is comparatively responsible for the injuries and damages allegedly sustained so that damages if any recoverable shall be either precluded or diminished in proportion to the amount of comparative responsibility attributable to Plaintiff.

24.     The Defendants allege that if liability is assessed in any respect then the fault of all parties joined and unjoined including that of the Plaintiff must be evaluated, and liability apportioned among all persons and entities proportionate to their prospective fault.

25.     The Defendants allege that any acts or omissions on their part were not the proximate cause of the events, injuries and damages described in the Complaint.

26.     The Defendants allege that if Plaintiff was injured and damaged as alleged, such injuries and damage were solely and proximately caused by the superseding and

*Deehan v. Rockvam, et al.,* Case No. 07-CV-257-J
Answer and Affirmative Defenses Rockvam and Steward
Page 9 of 11

intervening acts of negligence or conduct by other third persons, parties, firms, entities or corporations over whom the Defendants had no control or right of control, and from whom the Defendants are not legally responsible.

27.     The Defendants allege that the Plaintiff has failed to mitigate his alleged damages, if any, as required by law.

28.     The Defendants allege that the Plaintiff invited and aggravated the alleged injuries.

29.     The Defendants deny that any act or omission on their part caused the harm alleged by Plaintiff.

30.     The Defendants assert that Plaintiff has failed to exhaust his administrative remedies and is thereby barred from asserting his claims or causes of action.

31.     Defendants reserve the right to assert additional affirmative defenses, as they become known.

WHEREFORE, Defendants prays that Plaintiff take nothing by virtue of his Complaint filed herein, for their costs and for such other and further relief as the Court deems proper.

*Deehan v. Rockvam, et al.,* Case No. 07-CV-257-J
Answer and Affirmative Defenses Rockvam and Steward
Page 10 of 11

DATED this 30th day of November, 2007.

/s/ _____
Christine Cox
Senior Assistant Attorney General


## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of November, 2007, the foregoing was electronically filed and served upon the following individuals:

Nicholas H. Carter
Stephanie M. Humphrey
The Nick Carter Law Firm, P.C.
P O Box 909
Gillette, WY 82717-0909

/s/ _____
Christine Cox
Senior Assistant Attorney General

*Deehan v. Rockvam, et al.,* Case No. 07-CV-257-J
Answer and Affirmative Defenses Rockvam and Steward
Page 11 of 11