Richard Rideout, Esq.
Law Offices of Richard Rideout, PC
211 West 19th Street, Suite 100
P.O. Box 389
Cheyenne, Wyoming 82003-0389
307.632.1901
307.432.7522 fax
rsrideout@qwest.net

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

DEC - 3 2007

Stephan Harris, Clerk
Cheyenne

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| RUDOLF DEHAAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.07-CV-257J |
| | ) |
| PERRY ROCKVAM, individually | ) |
| and as representative for | ) |
| CODY POLICE DEPARTMENT, and | ) |
| CODY POLICE DEPARTMENT, and | ) |
| SCOTT A. STEWARD, | ) |
| individually and as | ) |
| representative for PARK | ) |
| COUNTY SHERIFF'S DEPARTMENT | ) |
| AND DETENTION CENTER, and | ) |
| PARK COUNTY SHERIFF'S OFFICE | ) |
| AND DETENTION CENTER, and | ) |
| OFFICER TORIN CHAMBERS, and | ) |
| JOHN DOES #1-#6, | ) |
| | ) |
| Defendants. | ) |

### DEFENDANTS' ANSWER AND ASSERTION OF
### AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

COME NOW the Defendants, Perry Rockvam and Scott A.

Steward, in their official capacities and the Cody Police

Department and the Park County Sheriff's Department and

Detention Center ("Defendants" or as individually

identified) by and through their counsel, Richard Rideout,

1

Esq., of the Law Offices of Richard Rideout, PC, Cheyenne, Wyoming, and for their Answer And Assertion Of Affirmative Defenses to the Complaint of Rudolf Dehaan ("Plaintiff" or "Dehaan"), state and allege as follows.

As a preliminary matter, the undersigned counsel represents Defendant individuals Perry Rockvam and Scott A. Steward in their official capacities as to the civil rights claims and represents the Cody Police Department and the Park County Sheriff's Department and Detention Center as to any and all claims.

1.  The Defendants are without sufficient knowledge, information, or belief as to the allegations contained in paragraph 1 of the Plaintiff's Complaint and therefore, deny each and every allegation contained therein.

2.  The Defendants admit the allegations contained in paragraph 2 of the Plaintiff's Complaint.

3.  The Defendants are without sufficient knowledge, information, or belief as to the allegations contained in paragraph 3 of the Plaintiff's Complaint and therefore, deny each and every allegation contained therein.

4.  The allegations contained in paragraph 4 of the Plaintiff's Complaint are purportedly statements of law that do not require the Defendants to either admit or deny the same, but to the extent that the paragraph attempts to

2

allege operative facts as opposed to conclusions of law, the Defendants deny each and every allegation contained therein.

5.  The allegations contained in paragraph 5 of the Plaintiff's Complaint are purportedly statements of law that do not require the Defendants to either admit or deny the same, but to the extent that the paragraph attempts to allege operative facts as opposed to conclusions of law, the Defendants deny each and every allegation contained therein.

6.  The allegations contained in paragraph 6 of the Plaintiff's Complaint are purportedly statements of law that do not require the Defendants to either admit or deny the same, but to the extent that the paragraph attempts to allege operative facts as opposed to conclusions of law, the Defendants deny each and every allegation contained therein.

7.  The Defendants admit that a Notice of Claims was served upon the Defendants as alleged in paragraph 7 of the Plaintiff's Complaint but deny each and every other allegation contained therein.

8.  The Defendants admit the allegations contained in paragraph 8 of the Plaintiff's Complaint.

9.    The allegations contained in paragraph 9 of the
Plaintiff's Complaint appear to be directed to another
Defendant in the case and do not appear to implicate
Defendants Cody Police Department, Park County Sheriff's
Department and Detention Center, Perry Rockvam in his
official capacity, or Scott A. Steward in his official
capacity and therefore no response is needed; however, to
the extent the paragraphs apply to Defendants Cody Police
Department, Park County Sheriff's Department and Detention
Center, Perry Rockvam in his official capacity, or Scott A.
Steward in his official capacity, the Defendants deny each
and every allegation contained therein.

10.    The Defendants admit the allegations contained in
paragraph 10 of the Plaintiff's Complaint.

11.    The Defendants are without sufficient knowledge,
information, or belief as to the allegations contained in
paragraph 11 of the Plaintiff's Complaint and therefore,
deny each and every allegation contained therein.

12.    The Defendants are without sufficient knowledge,
information, or belief as to the allegations contained in
paragraph 12 of the Plaintiff's Complaint and therefore,
deny each and every allegation contained therein.

13.    The Defendants deny the allegations contained in
paragraph 13 of the Plaintiff's Complaint.

4

14.   The Defendants deny the allegations contained in paragraph 14 of the Plaintiff's Complaint.

15.   The Defendants deny the allegations contained in paragraph 15 of the Plaintiff's Complaint.

16.   The Defendants deny the allegations contained in paragraph 16 of the Plaintiff's Complaint.

17.   The Defendants deny the allegations contained in paragraph 17 of the Plaintiff's Complaint.

18.   The Defendants deny the allegations contained in paragraph 18 of the Plaintiff's Complaint.

19.   The Defendants deny the allegations contained in paragraph 19 of the Plaintiff's Complaint.

20.   The Defendants admit that on or about November 4, 2004, the Plaintiff was transferred out of Park County to Big Horn County Jail as alleged in paragraph 20 of the Plaintiff's Complaint but the Defendants are without sufficient knowledge, information, or belief as to each and every other allegation contained in paragraph 20 of the Plaintiff's Complaint and therefore, deny each and every other allegation contained therein.

21.   The Defendants are without sufficient knowledge, information, or belief as to the allegations contained in paragraph 21 of the Plaintiff's Complaint and therefore, deny each and every allegation contained therein.

22. The Defendants are without sufficient knowledge, information, or belief as to the allegations contained in paragraph 22 of the Plaintiff's Complaint and therefore, deny each and every allegation contained therein.

23. The Defendants re-state and re-allege each and every response previously set forth and incorporate those responses in response to the allegations contained in Count I, paragraph 1 of the Plaintiff's Complaint.

24. The Defendants deny the allegations contained in Count I, paragraph 2 of the Plaintiff's Complaint.

25. The Defendants admit the allegations contained in Count I, paragraph 3 of the Plaintiff's.

26. The Defendants deny the allegations contained in Count I, paragraph 4 of the Plaintiff's Complaint.

27. The Defendants deny the allegations contained in Count I, paragraph 5 of the Plaintiff's Complaint.

28. The Defendants re-state and re-allege each and every response previously set forth and incorporate those responses in response to the allegations contained in Count II, paragraph 1 of the Plaintiff's Complaint.

29. The Defendants admit that Chambers was an employee of the Cody Police Department and Perry Rockvam was his supervisor as alleged in Count II, paragraph 2 of

the Plaintiff's Complaint but deny each and every other allegation contained therein.

30. The Defendants deny the allegations contained in Count II, paragraph 3 of the Plaintiff's Complaint.

31. The Defendants deny the allegations contained in Count II, paragraph 4 of the Plaintiff's Complaint.

32. The Defendants deny the allegations contained in Count II, paragraph 5 of the Plaintiff's Complaint.

33. The Defendants deny the allegations contained in Count II, paragraph 6 of the Plaintiff's Complaint.

34. The Defendants deny the allegations contained in Count II, paragraph 7 of the Plaintiff's Complaint.

35. The Defendants deny the allegations contained in Count II, paragraph 8 of the Plaintiff's Complaint.

36. The Defendants re-state and re-allege each and every response previously set forth and incorporate those responses in response to the allegations contained in Count III, paragraph 1 of the Plaintiff's Complaint.

37. The Defendants deny the allegations contained in Count III, paragraph 2 of the Plaintiff's Complaint.

38. The Defendants deny the allegations contained in Count III, paragraph 3 of the Plaintiff's Complaint.

39. The Defendants deny the allegations contained in Count III, paragraph 4 of the Plaintiff's Complaint.

7

40. The allegations contained in Count III, paragraph 5 of the Plaintiff's Complaint are purportedly statements of law that do not require the Defendants to either admit or deny the same, but to the extent that the paragraph attempts to allege operative facts as opposed to conclusions of law, the Defendants deny each and every allegation contained therein.

41. The Defendants deny the allegations contained in Count III, paragraph 6 of the Plaintiff's Complaint.

42. The Defendants deny the allegations contained in Count III, paragraph 7 of the Plaintiff's Complaint.

43. The Defendants re-state and re-allege each and every response previously set forth and incorporate those responses in response to the allegations contained in Count IV, paragraph 1 of the Plaintiff's Complaint.

44. The Defendants admit the allegations contained in Count IV, paragraph 2 of the Plaintiff's Complaint.

45. The Defendants deny the allegations contained in Count IV, paragraph 3 of the Plaintiff's Complaint.

46. The Defendants deny the allegations contained in Count IV, paragraph 4 of the Plaintiff's Complaint.

47. The Defendants deny the allegations contained in Count IV, paragraph 5 of the Plaintiff's Complaint.

8

48. The Defendants deny the allegations contained in Count IV, paragraph 6 of the Plaintiff's Complaint.

49. The Defendants deny the allegations contained in Count IV, paragraph 7 of the Plaintiff's Complaint.

50. The Defendants deny the allegations contained in Count IV, paragraph 8 of the Plaintiff's Complaint.

51. The Defendants re-state and re-allege each and every response previously set forth and incorporate those responses in response to the allegations contained in Count V, paragraph 1 of the Plaintiff's Complaint.

52. The allegations contained in Count V, paragraph 2 of the Plaintiff's Complaint are purportedly statements of law that do not require the Defendants to either admit or deny the same, but to the extent that the paragraph attempts to allege operative facts as opposed to conclusions of law, the Defendants deny each and every allegation contained therein.

53. The Defendants deny the allegations contained in Count V, paragraph 3 of the Plaintiff's Complaint.

54. The Defendants deny the allegations contained in Count V, paragraph 4 of the Plaintiff's Complaint.

55. The Defendants deny the allegations contained in Count V, paragraph 5 of the Plaintiff's Complaint.

56.   The Defendants re-state and re-allege each and every response previously set forth and incorporate those responses in response to the allegations contained in Count VI, paragraph 1 of the Plaintiff's Complaint.

57.   The allegations contained in Count VI, paragraph 2, subparagraphs "A" through "F" of the Plaintiff's Complaint appear to be directed to another Defendant in the case and do not appear to implicate Defendants Cody Police Department, Park County Sheriff's Department and Detention Center, Perry Rockvam in his official capacity, or Scott A. Steward in his official capacity and therefore no response is needed; however, to the extent the paragraphs apply to Defendants Cody Police Department, Park County Sheriff's Department and Detention Center, Perry Rockvam in his official capacity, or Scott A. Steward in his official capacity, the Defendants deny each and every allegation contained therein.

58.   The allegations contained in Count VI, paragraph 3 of the Plaintiff's Complaint appear to be directed to another Defendant in the case and do not appear to implicate Defendants Cody Police Department, Park County Sheriff's Department and Detention Center, Perry Rockvam in his official capacity, or Scott A. Steward in his official capacity and therefore no response is needed; however, to

10

the extent the paragraphs apply to Defendants Cody Police
Department, Park County Sheriff's Department and Detention
Center, Perry Rockvam in his official capacity, or Scott A.
Steward in his official capacity, the Defendants deny each
and every allegation contained therein.

59.    The allegations contained in Count VI, paragraph
4 of the Plaintiff's Complaint appear to be directed to
another Defendant in the case and do not appear to
implicate Defendants Cody Police Department, Park County
Sheriff's Department and Detention Center, Perry Rockvam in
his official capacity, or Scott A. Steward in his official
capacity and therefore no response is needed; however, to
the extent the paragraphs apply to Defendants Cody Police
Department, Park County Sheriff's Department and Detention
Center, Perry Rockvam in his official capacity, or Scott A.
Steward in his official capacity, the Defendants deny each
and every allegation contained therein.

60.    The Defendants re-state and re-allege each and
every response previously set forth and incorporate those
responses in response to the allegations contained in Count
VII, paragraph 1 of the Plaintiff's Complaint.

61.    The Defendants are without sufficient knowledge,
information, or belief as to the allegations contained in
Count VII, paragraph 2 of the Plaintiff's Complaint and

therefore, deny each and every allegation contained therein.

62.   The Defendants deny the allegations contained in Count VII, paragraph 3 of the Plaintiff's Complaint.

63.   The Defendants deny each and every other allegation, however captioned or entitled, contained in the Plaintiff's Complaint that has not specifically been admitted.

## ASSERTION OF AFFIRMATIVE DEFENSES

64.   As a further and separate defense to the Plaintiff's Complaint, the Defendants assert that the pleading fails to state a claim upon which relief can be granted.

65.   As a further and separate defense to the Plaintiff's Complaint, the Defendants assert that the claims and causes of action set forth therein are barred as a matter of fact and law by the applicable statute of limitations.

66.   As a further and separate defense to the Plaintiff's Complaint, the Defendants assert that they are entitled to absolute immunity as a matter of fact and law from the claims and causes of action asserted therein.

67.   As a further and separate defense to the Plaintiff's Complaint, the Defendants assert that they are

12

entitled to qualified immunity as a matter of fact and law
from the claims and causes of action asserted therein.

68. As a further and separate defense to the
Plaintiff's Complaint, the Defendants assert that the claim
for punitive damages is barred as a matter of fact and law
and is unconstitutional.

69. As a further and separate defense to the
Plaintiff's Complaint, the Defendants assert that the
Plaintiff has failed to mitigate any damage he may have
incurred or suffered as the result of any action or conduct
of the Defendants.

70. As a further and separate defense to the
Plaintiff's Complaint, the Defendants assert that the
Plaintiff has failed to comply with the Wyoming
Governmental Claims Act, Wyo. Stat. §§1-39-101, et seq., to
the extent that it applies to this action or to any of the
claims or causes of action asserted therein, including, but
not limited to the Plaintiff's failure to file a proper or
timely notice of claim as a condition precedent to the
filing of this action.

71. As a further and separate defense to the
Plaintiff's Complaint, the Defendants assert that the
Plaintiff's claims or causes of action are barred as a

13

matter of fact and law by the Wyoming Governmental Claims Act.

72. As a further and separate defense to the Plaintiff's Complaint, the Defendants assert that the Plaintiff is estopped by his conduct to assert any of the claims or causes of action asserted therein.

73. As a further and separate defense to the Plaintiff's Complaint, the Defendants assert that the Plaintiff, by his conduct, has waived the right to assert any of the claims or causes of action asserted therein.

74. As a further and separate defense to the Plaintiff's Complaint, the Defendants assert that their conduct was not the proximate cause of any of the alleged injuries or damages suffered by the Plaintiff.

75. As a further and separate defense to the Plaintiff's Complaint, the Defendants assert that the Plaintiff has failed to exhaust his administrative remedies and thereby is barred from asserting any of his claims or causes of action.

76. As a further and separate defense to the Plaintiff's Complaint, the Defendants assert that the Plaintiff's notice of claims is defective and, therefore, the court lacks subject matter jurisdiction over this

14

action and the claims and causes of action asserted
therein.

77.   The Defendants reserve the right to amend these
pleadings to assert any further or additional affirmative
defenses that discovery in this case discloses.

WHEREFORE, the Defendants respectfully request that
the Plaintiff's Complaint be dismissed with prejudice, that
they be awarded their attorney's fees, costs, and expenses
of this action, and for such other and further relief as
the Court deems just and proper under the circumstances.

Dated this 3rd day of December, 2007.

                              Cody Police Department, *et al.*,
                              Defendants

By:

RICHARD RIDEOUT, ESQ.
Law Offices of Richard Rideout, PC
211 West 19th Street, Suite 100
P.O. Box 389
Cheyenne, Wyoming  82003-0389
307.632.1901
307.432.7522 fax
rsrideout@qwest.net

ATTORNEY FOR THE DEFENDANTS

15

**CERTIFICATE OF SERVICE**

    I, RICHARD RIDEOUT, do hereby certify that a true and correct copy of the foregoing **DEFENDANTS' ANSWER AND ASSERTION OF AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** was served by depositing the same in the United States mail, postage prepaid, this __3ʳᵈ__ day of __December__ 2007, addressed as follows:

Nicholas H. Carter, Esq.
Stephanie M. Humphrey, Esq.
The Nick Carter Law Firm, P.C.
310 South Gillette Ave., Suite B
P.O. Box 909
Gillette, Wyoming  82717
307.682.9349
307.687.7690 fax

Christine Gilbert Cox, Esq.
Senior Assistant Attorney General
Litigation Department
Wyoming Attorney General's Office
Herschler Building – First Floor West
Cheyenne, Wyoming  82002
307.777.7250
307.7776329 fax

RICHARD RIDEOUT, ESQ.

16