Bruce A. Salzburg
Attorney General

John W. Renneisen
Deputy Attorney General

Christine Cox
Senior Assistant Attorney General
Herschler Building, First Floor West
Cheyenne, WY 82002
(307) 777-7250
 (307) 777-8920 facsimile

Attorneys for Perry Rockvam, Scott Steward and Torin Chambers in their Individual Capacities.

### IN THE UNITED STATES DISTRICT COURT,
### FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| RUDOLF DEHAAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No. 07-CV-257-J |
| | ) | |
| PERRY ROCKVAM, et al. | ) | |
| | ) | |
| Defendants. | ) | |

***ANSWER AND AFFIRMATIVE DEFENSES OF OFFICER TORIN CHAMBERS***

COMES NOW, Defendant Torin Chambers, by and through the Office of the Attorney General of the State of Wyoming, and for his Answer and Affirmative Defenses state as follows:

# ANSWER

## Facts Common to All Causes of Action and Jurisdiction

1. Defendant is without sufficient information upon which to form a belief as to the truth of the matters contained in Paragraph 1 of Plaintiff's Complaint and therefore deny the same.

2. Defendant denies the allegations contained in Paragraph 2 and 3 of Plaintiff's Complaint.

3. Defendant denies the allegations contained in Paragraphs 4, 5, and 6 of Plaintiff's Complaint.

4. Defendant admits that a Governmental Claim was served on him and attached to the Complaint as alleged in Paragraphs 7 and 9 of Plaintiff's Complaint. Defendant denies that the original returns were attached, that the returns were signed by the Defendant, and that this Court has jurisdiction over any state law claims by virtue of said Governmental Claim.

5. The allegations contained in Paragraphs 8 and 10 of Plaintiff's Complaint are not directed against Defendant Chambers and do not require an answer. To the extent there is an attempt to allege any wrongdoing on the part of Defendant Chambers, the allegations contained in these paragraphs are denied.

*Dehaan v. Rockvam, et al.,* Case No. 07-CV-257-J
Answer and Affirmative Defenses of Torin Chambers
Page 2 of 10

6. Defendant is without sufficient information upon which to form a belief as to the truth of the matters contained in Paragraph 11 of Plaintiff's Complaint and therefore denies the same.

7. Defendant denies the allegations contained in Paragraphs 12, 13, 14, 15, 16, and 17 of Plaintiff's Complaint.

8. Defendant is without sufficient information upon which to form a belief as to the truth of the matters contained in Paragraph 18 of Plaintiff's Complaint and therefore denies the same.

9. Defendant denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

10. Defendant is without sufficient information upon which to form a belief as to the truth of the matters contained in Paragraphs 20, 21, and 22 of Plaintiff's Complaint and therefore denies the same.

<u>Count I: Fourth Amendment Violation for use of Excessive Force – 42 U.S.C. § 1983</u>

11. In response to Paragraph 1 of Count I of Plaintiff's Complaint, Defendant incorporates and realleges his foregoing responses to Plaintiff's Complaint.

12. Defendant denies the allegations contained in Paragraphs 2, 3, and 4 of Count I of Plaintiff's Complaint.

*Dehaan v. Rockvam, et al.,* Case No. 07-CV-257-J
Answer and Affirmative Defenses of Torin Chambers
Page 3 of 10

<u>Count II: Fourth Amendment Violation for use of Excessive Force – Supervisory Liability – Cody Police Department – 42 U.S.C. § 1983</u>

13. In response to Paragraph 1 of Count II of Plaintiff's Complaint, Defendant incorporates and reallege his foregoing responses to Plaintiff's Complaint.

14. Defendant admits that he was employed by the Cody Police Department and that Perry Rockvam was the Chief of Police and therefore, director of the department, but denies each and every other allegation contained in Paragraph 2 of Claim II of Plaintiff's Complaint.

15. The allegations contained in Paragraphs 3, 4, 5, 6, 7, and 8 of Claim II of Plaintiff's Complaint are not directed against Defendant Chambers and do not require an answer. To the extent there is an attempt to allege any wrongdoing on the part of Defendant Chambers, the allegations contained in these paragraphs are denied.

<u>Count III: Eighth Amendment Violation
Cruel and Unusual Punishment – 42 U.S.C. § 1983</u>

16. In response to Paragraph 1 of Count III of Plaintiff's Complaint, Defendant incorporates and realleges his foregoing responses to Plaintiff's Complaint.

17. Defendant is without sufficient information upon which to form a belief as to the truth of the matters contained in Paragraphs 2 and 3 of Count III of Plaintiff's Complaint and therefore denies the same.

*Dehaan v. Rockvam, et al.,* Case No. 07-CV-257-J
Answer and Affirmative Defenses of Torin Chambers
Page 4 of 10

18.     Defendant denies the allegations contained in Paragraph 4 of Count III of Plaintiff's Complaint.

19.     The allegations contained in Paragraphs 5, 6, and 7 of Claim III of Plaintiff's Complaint are not directed against Defendant Chambers and do not require an answer. To the extent there is an attempt to allege any wrongdoing on the part of Defendant Chambers, the allegations contained in these paragraphs are denied.

<u>Count IV: Eighth Amendment Violation Cruel and Unusual Punishment – Supervisory Liability – Park County Sheriff's Department and Detention Center – 42 U.S.C. § 1983</u>

20.     In response to Paragraph 1 of Count IV of Plaintiff's Complaint, Defendant incorporates and realleges his foregoing responses to Plaintiff's Complaint.

21.     The allegations contained in Paragraphs 2, 3, 4, 5, 6, 7, and 8 of Claim IV of Plaintiff's Complaint are not directed against Defendant Chambers and do not require an answer. To the extent there is an attempt to allege any wrongdoing on the part of Defendant Chambers, the allegations contained in these paragraphs are denied.

<u>Count V: State Law – Negligence and Negligent Hiring</u>

22.     In response to Paragraph 1 of Count V of Plaintiff's Complaint, Defendant incorporates and realleges his foregoing responses to Plaintiff's Complaint.

*Dehaan v. Rockvam, et al.,* Case No. 07-CV-257-J
Answer and Affirmative Defenses of Torin Chambers
Page 5 of 10

23.     The allegations contained in Paragraph 2 of Count V of Plaintiff's Complaint call for a legal conclusion.  To the extent that the allegations require an answer, Defendant denies Paragraph 2 of Count V of Plaintiff's Complaint.

24.     Defendant denies the allegations contained in Paragraphs 3, 4, and 5 of Count V of Plaintiff's Complaint.

Count VI: Battery

25.     In response to Paragraph 1 of Count VI of Plaintiff's Complaint, Defendant incorporates and realleges his foregoing responses to Plaintiff's Complaint.

26.     Defendant denies the allegations contained in Paragraphs 2, 3, and 4 of Count VI, including all subparts, of Plaintiff's Complaint.

Count VII: Attorney's Fees Pursuant to 42 U.S.C. § 1988

27.     In response to Paragraph 1 of Count VII of Plaintiff's Complaint, Defendant incorporates and realleges his foregoing responses to Plaintiff's Complaint.

28.     Defendant admits that Plaintiff has most likely incurred attorney's fees but denies each and every other allegation contained in Paragraph 2 of Count VII of Plaintiff's Complaint.

29.     Defendant denies the allegations contained in Paragraph 3 of Count VII of Plaintiff's Complaint.

*Dehaan v. Rockvam, et al.,* Case No. 07-CV-257-J
Answer and Affirmative Defenses of Torin Chambers
Page 6 of 10

## AFFIRMATIVE DEFENSES

1.	Defendant Chambers was not personally involved, did not acquiesce, or have any knowledge of the events surrounding the alleged injury.

2.	There is no affirmative link between any act or omission by the Defendant and the alleged injury to the Plaintiff.

3.	Plaintiff's injuries, if any, were proximately caused by the Plaintiff or third parties whose fault is greater than the Defendant's, if any.

4.	All actions taken by the Defendant were privileged and authorized by law.

5.	Plaintiff's conduct was such as to bar or reduce his damages.

6.	Defendant is immune from suit under the Eleventh Amendment to the United States Constitution.

7.	Defendant is entitled to qualified immunity and/or "good faith" qualified immunity.

8.	Plaintiff has failed to mitigate his damages.

9.	Plaintiff's Complaint fails to state a claim upon which relief may be granted.

10.	This Court lacks subject matter jurisdiction over one or more of Plaintiff's claims.

*Dehaan v. Rockvam, et al.,* Case No. 07-CV-257-J
Answer and Affirmative Defenses of Torin Chambers
Page 7 of 10

11. Defendant is immune from suit over one or more of Plaintiff's claims under the Wyoming Governmental Claims Act.

12. This Court lacks jurisdiction over Plaintiff's state law claims.

13. Defendant's actions met the applicable standard of care and he used only necessary and reasonable force.

14. Defendant was privileged and authorized by law to act as he did.

15. Defendant's acts were reasonably necessary to protect the public good.

16. Under the circumstances of this case, the acts of Defendant were objectively reasonable.

17. Plaintiff's claims are frivolous.

18. Defendant alleges that he acted in good faith at all times and therefore, is immune from suit.

19. One or more of Plaintiff's claims are barred by the applicable statute of limitations.

20. The Defendant asserts that Plaintiff's conduct constitutes more than fifty (50) percent of the total fault when compared to the actions of all actors, and, thus, constitutes a bar to any recovery.

*Dehaan v. Rockvam, et al.,* Case No. 07-CV-257-J
Answer and Affirmative Defenses of Torin Chambers
Page 8 of 10

21.     The Defendant alleges that Plaintiff is comparatively responsible for the injuries and damages allegedly sustained so that damages if any recoverable shall be either precluded or diminished in proportion to the amount of comparative responsibility attributable to Plaintiff.

22.     The Defendant alleges that if liability is assessed in any respect then the fault of all parties joined and unjoined including that of the Plaintiff must be evaluated, and liability apportioned among all persons and entities proportionate to their prospective fault.

23.     The Defendant alleges that any acts or omissions on his part were not the proximate cause of the events, injuries and damages described in the Complaint.

24.     The Defendant alleges that if Plaintiff was injured and damaged as alleged, such injuries and damage were solely and proximately caused by the superseding and intervening acts of negligence or conduct by other third persons, parties, firms, entities or corporations over whom the Defendant had no control or right of control, and from whom the Defendant is not legally responsible.

25.     The Defendant alleges that the Plaintiff has failed to mitigate his alleged damages, if any, as required by law.

26.     The Defendant alleges that the Plaintiff invited and aggravated the alleged injuries.

*Dehaan v. Rockvam, et al.,* Case No. 07-CV-257-J
Answer and Affirmative Defenses of Torin Chambers
Page 9 of 10

27.     The Defendant denies that any act or omission on his part caused the harm alleged by Plaintiff.

28.     The Defendant reserves the right to assert additional affirmative defenses, as they become known.

WHEREFORE, Defendant Chambers prays that Plaintiff take nothing by virtue of his Complaint filed herein, for their costs and for such other and further relief as the Court deems proper.

DATED this 7th day of January, 2008.

/s/ Christine Cox
Christine Cox
Senior Assistant Attorney General

## CERTIFICATE OF SERVICE

I hereby certify that on this on 7th day of January, 2008, a true and correct copy of the foregoing was electronically filed and will be served by same upon the following individuals:

Nicholas H. Carter
Stephanie M. Humphrey
The Nick Carter Law Firm, P.C.
P O Box 909
Gillette, WY 82717-0909

Richard Rideout
Law Offices of Richard Rideout
P.O. Box 389
Cheyenne, WY 82003-0389

/s/ Christine Cox
Christine Cox

*Dehaan v. Rockvam, et al.,* Case No. 07-CV-257-J
Answer and Affirmative Defenses of Torin Chambers
Page 10 of 10