IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| RUDOLF DEHAAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil No. 07-CV-0257-J |
| ) | |
| PERRY ROCKVAM, individually and as ) | |
| representative for CODY POLICE ) | |
| DEPARTMENT, and CODY POLICE ) | |
| DEPARTMENT, and SCOTT A. STEWARD, ) | |
| individually and as representative for PARK ) | |
| COUNTY SHERIFF'S DEPARTMENT AND ) | |
| DETENTION CENTER, and PARK COUNTY ) | |
| SHERIFF'S OFFICE AND DETENTION ) | |
| CENTER, and OFFICER TORIN ) | |
| CHAMBERS, and JOHN DOES #1-#6, ) | |
| ) | |
| Defendants. ) | |

### ORDER ON INITIAL PRETRIAL CONFERENCE

On February 21, 2008, an initial pretrial conference was held in the above-entitled matter before the Honorable William C. Beaman, United States Magistrate Judge for the District of Wyoming. Counsel participating were Nicholas H. Carter, Gillette, Wyoming, for the plaintiff; Christine Annette Gilbert Cox, Cheyenne, Wyoming, for defendants Perry Rockvam, Scott Steward, and Torin Chambers in their individual capacities, and Richard

S. Rideout, Cheyenne, Wyoming, for defendants Perry Rockvam and Scott A. Steward, in their official capacities and the Cody Police Department and the Park County Sheriff's Department and Detention Center.

**Jurisdiction and Venue —**

Except as noted below, the Court has jurisdiction over both the parties and the subject matter of this action, and venue is properly in the United States District Court for the District of Wyoming. Proper service of process has been accomplished on all parties, and no parties are erroneously joined in or omitted from the action.

**Consent to Trial by Magistrate Judge —**

The parties are all aware of the provisions of 28 U.S.C. 636(c) and U.S.D.C.L.R. 73.1(b), and acknowledge that this case will proceed before the District Judge assigned hereto, and not before the Magistrate Judge located in Cheyenne, Wyoming. However, the parties are not precluded from consenting to trial before a Magistrate Judge anytime sixty (60) days prior to the trial date.

**Claims and Defenses —**

Plaintiff, Rudolph Dehaan of Park County, Wyoming, brings claims for violations of the Fourth and Eighth Amendments to the United States Constitution as well as negligence, negligent hiring, and battery. Specifically, plaintiff alleges that on October 29, 2004, he was contacted by Officer Torin Chambers of the Cody Police Department regarding a warrant

for plaintiff's arrest.  Plaintiff states that Chambers confronted him, twisted plaintiff's previously injured arm, threw plaintiff to the ground, and landed on top of plaintiff, causing an audible snapping sound.  Plaintiff states that Chambers briefly ceased assaulting plaintiff and that an Officer Chan Richards took plaintiff to the Park County Detention Center without using handcuffs or facing any resistance by plaintiff.  Plaintiff alleges that while at the detention center, he was denied medical care and suffered a swollen arm, wrist, and hand, the latter of which nearly caused his skin to split from the pressure.  Plaintiff asserts that he was then transferred to Big Horn County Jail where he received immediate medical attention and where it was determined that he suffered a compound fracture in his arm.

Plaintiff contends Chambers violated his Fourth Amendment rights by using excessive force in apprehending plaintiff and that the Cody Police Department is vicariously liable for Chambers' offenses.  In addition, plaintiff asserts that Officer Richards, Scott Steward, and various employees of the detention center violated his Eighth Amendment rights because they inflicted cruel and unusual punishment upon him by holding him without providing medical treatment; plaintiff further contends the Park County Sheriff's Department and Detention Center is liable as their supervisor and is also negligent for hiring them. Finally, plaintiff asserts Chambers committed a battery when he grabbed and threw plaintiff down outside of plaintiff's home.  Plaintiff seeks compensatory damages, punitive damages, and costs.

Defendants, Perry Rockvam and Scott Steward in their individual capacities, generally deny plaintiff's allegations and affirmatively allege that: 1) defendants are immune from suit under the Eleventh Amendment to the U.S. Constitution, 2) all actions taken by defendants were privileged and authorized by law, and 3) the Court lacks subject matter jurisdiction.

Defendants, Perry Rockvam and Scott Steward in their official capacities, the Cody Police Department, and the Park County Sheriff's Department and Detention Center, generally deny plaintiff's allegations and affirmatively allege that: 1) plaintiff's claims are barred by the statute of limitations, 2) defendants are entitled to absolute or qualified immunity, and 3) the Court lacks subject matter jurisdiction over the claims.

Defendant, Torin Chambers, generally denies the allegations in plaintiff's complaint and affirmatively alleges that: 1) defendant is immune from suit under the Eleventh Amendment to the U.S. Constitution, 2) the Court lacks subject matter jurisdiction, and 3) defendant is entitled to qualified immunity.

**Complexity of the Case —**

The Magistrate Judge is of the opinion that this is a non-complex case.

**Rule 26(f) Scheduling Conference —**

The parties have complied with the requirements of Rule 26(f) of the Federal Rules of Civil Procedure.

**Self-Executing Routine Discovery —**

The parties have complied with self-executing routine discovery exchange as required by U.S.D.C.L.R. 26.1(c).

**THE PARTIES HAVE A CONTINUING DUTY TO SUPPLEMENT OR CORRECT ALL DISCOVERY DISCLOSURES OR RESPONSES IN ACCORDANCE WITH FED. R. CIV. P. 26(a) AND U.S.D.C.L.R. 26.1(c).**

**Proposed Orders —**

Proposed orders shall be submitted with all non-dispositive motions filed in this matter. Not only shall proposed orders be submitted as an additional attachment to the motion, it shall be submitted by email to wyojudgewcb@wyd.uscourts.gov in a word processing format.

**Dispositive Motions —**

**Defendants' Filing Deadline — June 16, 2008**

**Plaintiff's Response Deadline — June 30, 2008**

The deadline for the defendants to file all dispositive motions together with briefs and affidavits in support thereof is June 16, 2008.

The plaintiff shall file responsive briefs and affidavits on or before June 30, 2008.

If the dispositive motions are filed earlier than the above scheduled date, the responding party must respond in accordance with U.S.D.C.L.R. 7.1.  The dispositive motions will be decided on the briefs without oral argument.

**Expert Witness Designation —**

    **Plaintiff's Designation Deadline — May 2, 2008**

    **Defendants' Designation Deadline — June 2, 2008**

In accordance with U.S.D.C.L.R. 26.1(g), the plaintiff shall designate expert witnesses and provide the defendants with a complete summary of the testimony of each expert by May 2, 2008.  In a personal injury lawsuit, plaintiff's designation SHALL include the designation of all treating medical and mental health providers who may or will be called to testify at trial in part or in full as an expert witness.  In accordance with U.S.D.C.L.R. 26.1(g), defendants shall designate expert witnesses and provide the plaintiff with a complete summary of the testimony of each expert by June 2, 2008.  These summaries **SHALL** include a comprehensive statement of the expert's opinions and the basis for the opinions.  *See Smith v. Ford Motor Company*, 626 F.2d 784 (10th Cir. 1980).  The plaintiff may depose defendants' experts after the discovery cutoff date, but must complete the depositions ten (10) business days **PRIOR** to the final pretrial conference.

The party designating the expert witness shall set forth all special conditions or requirements which the designating party or the expert witnesses will insist upon with

respect to the taking of their depositions, including the amount of compensation the expert witness will require and the rate per unit of time at which said compensation will be payable.  In the event counsel is unable to obtain such information to include in the designation, the efforts to obtain the same and the inability to obtain such information shall be set forth in the designation.  U.S.D.C.L.R. 26.1(g).

The defendants may require Dehaan to submit to physical examination by an expert designated by the defendants any time up to five weeks prior to the commencement of trial. The defendants shall designate said expert witness no later than one week after the examination.  The plaintiff may depose the expert any time during the last four weeks prior to trial.   If the defendants conduct the examination earlier than five weeks prior to trial, defendants must designate no later than twenty (20) days following the examination, so long as the twenty days does not fall within four weeks prior to trial.  The plaintiff may depose the examining doctor anytime after the examination.

**Discovery Cutoff Date — June 16, 2008**

The discovery cutoff date is June 16, 2008.  All written discovery requests shall be served upon and received by opposing counsel on or before the discovery cutoff date.  All discovery depositions shall be completed by the discovery cutoff date.  Trial depositions may be taken up to five (5) business days prior to the trial date.

**Stipulations as to Facts — June 23, 2008**

The parties shall exchange proposals for stipulations as to facts in accordance with U.S.D.C.L.R. 16.1(b) by June 23, 2008.

**Final Pretrial — September 2, 2008**

A final pretrial conference in this matter has been scheduled for 9:00 a.m. on September 2, 2008, in Cheyenne, Wyoming, before the Honorable Alan B. Johnson. ALL PARTIES **SHALL** SUBMIT THEIR PRETRIAL MEMORANDA NO LATER THAN FIVE (5) BUSINESS DAYS PRIOR TO THE CONFERENCE. U.S.D.C.L.R. 16.2(b). THE FINAL PRETRIAL MEMORANDUM SHALL BE SUBMITTED TO THE COURT IN WRITING **AND** ATTACHED VIA EMAIL DIRECTLY TO JUDGE JOHNSON'S CHAMBERS, WYOJUDGEABJ@WYD.USCOURTS.GOV, FORMATTED FOR WORDPERFECT FOR WINDOWS.

Motions in Limine or motions relating to the exclusion of evidence shall be filed no later than five (5) business days prior to the commencement of trial. U.S.D.C.L.R. 43.1. The parties are encouraged to reference Appendix A to the Local Rules of the United States District Court, District of Wyoming, for the matters which should be discussed in the final pretrial memorandum.

The parties shall prepare and furnish to the Court and opposing counsel three (3) business days before the commencement of trial, a list of all previously authorized exhibits

and a list of all previously identified witnesses, including experts. The plaintiff's list of exhibits shall be marked and listed numerically, and the defendants' list shall be marked and listed alphabetically. The parties shall identify all witnesses they <u>will</u> call or <u>may</u> call and shall further identify whether each witness will testify in person, by deposition or by video tape. (See U.S.D.C.L.R. 43.6 and 43.7).

**Jury Trial — October 6, 2008**

A jury trial is set before the Honorable Alan B. Johnson for 1:30 p.m. on October 6, 2008, in Cheyenne, Wyoming, and is expected to last three to four (3-4) days. This case is stacked number two (#2) on the docket. U.S.D.C.L.R. 40.1(a).

The parties SHALL exchange and file an original and one copy of their proposed voir dire questions, jury instructions and special verdict form no later than five (5) business days prior to the commencement of trial. U.S.D.C.L.R. 51.1. **THE PROPOSED JURY INSTRUCTIONS AND SPECIAL VERDICT FORMS SHALL BE SUBMITTED TO THE CLERK OF COURT VIA E-MAIL TO wyojudgeabj@wyd.uscourts.gov. THE INSTRUCTIONS MUST BE FORMATTED AS A SINGLE DOCUMENT FOR WORDPERFECT FOR WINDOWS AND MUST INCLUDE CITATIONS OF AUTHORITY.**

**Settlement Possibilities —**

The settlement possibilities of this case are considered by the Magistrate Judge to be poor.

Dated this 26th day of February, 2008.

/s/ William C. Beaman<br>
United States Magistrate Judge