Bruce Salzburg
John Renneisen
Christine Cox
Wyoming Attorney General's Office
2424 Pioneer Ave., 2nd Floor
Cheyenne, WY 82002
(307) 777-7250
(307) 777-8920 facsimile

Attorneys for Perry Rockvam, Scott Steward and Torin Chambers in their Individual Capacities.

Richard Rideout
Law Offices of Richard Rideout, P.C.
P.O. box 389
Cheyenne, WY 82009-0389
(307) 632-1901
(307) 432-7522 facsimile

Attorney for Cody Police Department, Park County Sheriff's Office and Detention Center, and Perry Rockvam, Scott Steward and Torin Chambers in their Official Capacities.

## IN THE UNITED STATES DISTRICT COURT,
## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| RUDOLF DEHAAN, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| vs. | ) | Case No. 07-CV-257-J |
| | ) | |
| PERRY ROCKVAM, et al. | ) | |
| | ) | |
|     Defendants. | ) | |

## *DEFENDANTS' JOINT EXPERT DESIGNATION*

COME NOW the Defendants by and through their undersigned counsel, and pursuant to the Local Rules of Civil Procedure Rule 26(f), the Federal Rules of Civil Procedure, and this Court's Order on Initial Pretrial Conference, designate their expert witnesses as follows:

**Ernest L. Johnson**
**1036 Durango**
**Douglas, WY 82633**

Mr. Johnson is an expert in the area of peace officer procedures and training. He has a broad base of knowledge and expertise stemming from his career in law enforcement. Mr. Johnson's vita is attached to his report and incorporated herein by reference.

Mr. Johnson's opinions are to a reasonable degree of probability/certainty within the field. He bases his opinions on the documents and testimony in this case, as well as his extensive education, experience and training in the area of law enforcement. In addition to his experience as a law enforcement officer, Mr. Johnson served as the Assistant Director and Director of the Wyoming Law Enforcement Academy, and has personally trained law enforcement officers and administrators on a wide range of police subjects for more than twenty five years. He also served as the Executive Director of the Wyoming Peace Officers Standards and Training Commission ("POST").

Mr. Johnson charges $1,000 per day for depositions as noted in his fee schedule attached hereto as Exhibit A and incorporated herein by reference. Mr. Johnson will make himself available for deposition with reasonable notice.

It is assumed that the deposition of Ernest Johnson will be taken, and the contents thereof are incorporated herein by reference.  Mr. Johnson will also testify in rebuttal to Plaintiff's expert's opinions.  Mr. Johnson has reviewed the Incident Report from the arrest of Mr. Dehaan as well as all other related documents from the Cody Police Department; time records for Officer Chambers; Mr. Dehaan's jail file including his medical records, Jail Booking Form, Jail Log and the Remand Report.  Mr. Johnson has also reviewed the relevant pleadings filed in this case including Plaintiff's Designation of Expert Witnesses.  A complete list of the documents reviewed by Mr. Johnson is included in Paragraph 6 of his Expert Report.

Mr. Johnson will testify consistent with his Expert Report, attached hereto as Exhibit B and incorporated herein by reference.  He will testify regarding his education and experience in the area of police practice and procedure.  He will testify, based upon his training, education, experience and review of the records in this case that the actions of Officer Chambers did not violate Mr. Dehaan's constitutional rights nor subject Mr. Dehaan to a battery because he was not present or involved in the arrest of Mr. Dehaan.

Mr. Johnson will testify that there is no indication that the Police Department or Sheriff's Office's operational practices, including but not limited to hiring and supervising, were less than adequate.  Mr. Johnson will further testify that the Defendants did not

intentionally, or with reckless or wanton disregard, fail to provide medical attention to the Plaintiff during his incarceration.

Mr. Johnson is expected to specifically testify as to the following matters and opinions:

1.    Officer Torin Chambers did not use excessive force or commit a battery in the arrest of the Plaintiff because he was not present or involved in the actual custodial arrest of the Plaintiff.

2.    There is no other indication in the record that Officer Torin Chambers acted unreasonably or inappropriately.

3.    Chief Rockvam did not deprive the Plaintiff of his constitutional and statutory rights by failing to supervise or discipline Officer Torin Chambers because there is no evidence in the record that suggests any unreasonable or inappropriate behavior by Officer chambers.

4.    Sheriff Steward did not fail to provide medical attention to the Plaintiff during his incarceration as shown through the thorough medical screening process and appropriate responses to Mr. Dehaan's medical requests by the Detention Center.

5.      There is no evidence in the record to show a failure of the administrative responsibilities or inappropriate or unprofessional conduct, practices or customs that would indicate administrative negligence by Sheriff Steward and Chief Rockvam.

The Defendants reserve the right to call any expert listed by the Plaintiff.  The Defendants also reserve the right to call any witness necessary for foundation for any exhibit to be introduced at trial.  Defendants further reserve the right to supplement Mr. Johnson's designation as to any matters raised by additional discovery of facts provided to Mr. Johnson.

Respectfully submitted this 30th day of June, 2008.


/s/ Christine Cox
Christine Cox
Senior Assistant Attorney General


/s/ Richard Rideout
Richard Rideout, Esq.
Law Offices of Richard Rideout, P.C.

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of June 2008, the foregoing was electronically filed and served upon the following individuals:

Nicholas H. Carter
Stephanie M. Humphrey
The Nick Carter Law Firm, P.C.
P O Box 909
Gillette, WY 82717-0909

/s/_____
Christine Cox
Senior Assistant Attorney General