Bruce A. Salzburg
Attorney General

John W. Renneisen
Deputy Attorney General

Christine Cox
Senior Assistant Attorney General
Herschler Building, First Floor West
Cheyenne, WY 82002
(307) 777-7250
 (307) 777-8920 facsimile

Attorneys for Perry Rockvam, Scott Steward and Torin Chambers in their Individual Capacities.

IN THE UNITED STATES DISTRICT COURT,
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| RUDOLF DEHAAN, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 07-CV-257-J |
| ) | |
| PERRY ROCKVAM, et al. ) | |
| ) | |
| Defendants. ) | |

### *INDIVIDUAL DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT*

COME NOW, Defendants Perry Rockvam, Scott Steward and Torin Chambers in their Individual Capacities for 42 U.S.C. § 1983 claims and for state law claims, by and through the Office of the Attorney General of the State of Wyoming, and respectfully submit this Memorandum in Support of their Motion for Summary Judgment.

## I.  STATEMENT OF THE FACTS

Rudolf Dehaan (Dehaan) filed his Complaint for Damages on October 16, 2007, claiming Cody Police Officer Torin Chambers subjected him to excessive force while handcuffing Dehaan during his arrest on October 29, 2004, and caused injury which violated Dehaan's Fourth Amendment Rights.  (Plaintiff's Complaint ¶¶ 13-15 and Count I ¶ 2). Dehaan further claims that he was denied medical treatment for the injury while he was detained in the Park County Detention Center after his arrest in violation of his 8th Amendment rights.  (Plaintiff's Complaint, Count III ¶ 3).  In addition, Plaintiff alleges that Chief Rockvam and Sheriff Steward violated his constitutional rights when they failed to "instruct, supervise, control, and discipline" Officer Chambers, the Park County Sheriff's Office and Detention Center.  (Plaintiff's Complaint, Count II, ¶ 3 and Count IV, ¶ 3). Plaintiff finally asserts state law claims for negligent hiring and battery.  (Plaintiff's Complaint Count V and VI).

On October 12, 2004, The Plaintiff was involved in an accident on an oil rig during work and injured his right arm.  (*Exhibit A* - Deposition of Rudolf Dehaan, at 44-45, 74). The Plaintiff's arm was placed in a cast on the same day as the injury.  (*Id.*, at 45-46).

*Dehaan v. Rockvam, et al*, Docket No. 07-CV-257
Defendants' Memorandum in Support of Motion for Summary Judgment
Page 2 of 11

On October 29, 2004, Officer Torin Chambers provided information regarding an investigation to the Park County Attorney which resulted in a warrant being issued for the Plaintiff's arrest.  (*Exhibit B* - Affidavit of Torin Chambers ¶ 5; *Exhibit C* - Affidavit of Perry Rockvam ¶ 3 and Attachment 1 - Incident Report and Arresting Documents).  Torin Chambers left duty on that day at 4:07 p.m. (*Ex. C* - Rockvam Aff., ¶ 10 and Attachment 2 - CPD Schedule for Officer Chambers; *Ex. B* - Chambers Aff., ¶ 10).  At 8:26 p.m. that evening, the warrant was executed and the Plaintiff was arrested by Officer Jason Stafford. (*Ex. C* - Rockvam Aff., ¶ 4 and Attachment 1).  Officer Stafford was assisted by Officers Richard and Beck.  (*Ex. C* - Rockvam Aff., ¶ 5).  The Plaintiff was transported by Officer Richard and booked into the Park County Detention Center at 8:40 p.m.  (*Ex. C* - Rockvam Aff., ¶ 7).  Torin Chambers did not return to duty again until 5:54 a.m. the next morning, October 30, 2004.  (*Ex. C* - Rockvam Aff., ¶ 10 and Attachment 2; *Ex. B* - Chambers Aff., ¶ 10).

The Plaintiff was transferred to Big Horn County Jail on November 3, 2004, and completed his sentence on November 7, 2004.  (*Ex. A* - Dehaan Depo., at 99 and deposition exhibit C).

*Dehaan v. Rockvam, et al*, Docket No. 07-CV-257
Defendants' Memorandum in Support of Motion for Summary Judgment
Page 3 of 11

## II.  STANDARD OF REVIEW

In *Chickasaw Nation v. United States*, 208 F.3d 871, 874-75 (10th Cir. 2000), the Tenth Circuit set the following standard with respect to motions for summary judgment:

> Summary judgment is appropriate where no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  When reviewing a grant of summary judgment, we view the evidence and draw reasonable inferences therefrom in the light most favorable to the non-moving party. *Semins v. Oklahoma ex rel. Dept. of Mental Health & Substance Abuse Servs*., 165 F. 3rd 1321, 1326 (10th Cir.) cert. denied, 528 U.S. 815,120 S. Ct. 53, 145, L. Ed. 2nd 46 (1999).

> See also *Chambers v. Colorado Dept. of Corrections*,  205 F.3d 1237, 1241 (10th Cir. 2000). "Summary Judgment is then appropriate if, after reviewing all the evidence submitted in the light most favorable to the non-movant, no genuine issue of material fact services to merit a trial." citing *UMLIC-Nine Corp. v. Lipan Springs Development Corp*., 168 F.3d 1173, 1176 (10th Cir. 1999).

## III.  ARGUMENT

**A.    The record does not demonstrate any personal participation in any alleged violations of Mr. Dehaan's constitutional rights by Chief Rockvam, Sheriff Steward or Officer Torin Chambers and, therefore, a § 1983 claim against them in their individual capacities cannot survive.**

To prevail on a claim for damages for a constitutional violation pursuant to 42 U.S.C. § 1983, Mr. Dehaan must establish not only that the defendants acted under color of state law but also caused or contributed to the alleged violation.  *Jenkins v. Wood,* 81 F.3d 988, 995-6

*Dehaan v. Rockvam, et al, Docket No. 07-CV-257*
Defendants' Memorandum in Support of Motion for Summary Judgment
Page 4 of 11

(10th Cir. 1996). *See also Ruark v. Solano*, 928 F.2d 947, 950 (10th Cir. 1991); *Snell v. Tunnell,* 920 F.2d 673, 700 (10th Cir. 1990); *and Bennett v. Passic,* 545 F.2d 1260, 1262-63 (10th Cir. 1976). "Individual liability under § 1983 must be based on personal participation in the constitutional violation." *Foote v. Spiegel,* 118 F.3d 1416, 1423 (10th Cir. 1997).

Under Section 1983, government officials are not vicariously liable for the misconduct of subordinates. *Serna v. Colorado Department of Corrections*, 455 F.3d 1146, 1151 (10th Cir. 2006). To establish a Section 1983 claim against a supervisor in his individual capacity for the acts of his subordinates, the Plaintiff must first show that the subordinates violated the constitution. *Id.* Then, the Plaintiff must show "a deliberate, intentional act by the supervisor to violate constitutional rights." *Woodward v. City of Worland,* 977 F.2d 1392, 1399 (10th Cir. 1992)(citing *City of Canton,* 489 U.S. 378, 389).

Dehaan must either show that each defendant personally participated in the alleged violation, or each defendant had the opportunity to intervene in the alleged violation against Dehaan and failed to do so. *Wise v. Bravo,* 666 F.2d 1328, 1333 (10th Cir. 1981); *Lusby v. T.G. & Y. Stores, Inc.,* 749 F.2d 1423, 1433 (10th Cir. 1984). Specifically for supervisory liability, Dehaan must show that Chief Rockvam and Sheriff Steward personally directed the violations or had actual knowledge of the violations and acquiesced in its continuance. *Id.* at 1400.

*Dehaan v. Rockvam, et al, Docket No. 07-CV-257*
Defendants' Memorandum in Support of Motion for Summary Judgment
Page 5 of 11

### 1. Officer Torin Chambers.

Mr. Dehaan's Complaint specifically alleges that Officer Chambers is the officer who arrested him and forced his arms behind his back to handcuff him on October 29, 2004. (Plaintiff's Complaint, ¶22.) However, the record clearly shows that Officer Chambers was not on duty the night of October 29, 2004, and did not participate in the arrest of Dehaan. (*Ex. C* - Rockvam Aff., ¶ 8; *Ex. B*- Chambers Aff., ¶ 11). The Plaintiff concedes that Officer Chambers may not have been present or involved in his arrest that evening. (*Ex. A* - Dehaan Depo., at 53-54). Because Officer Chambers was not present during the arrest and handcuffing of Dehaan, he could not have personally participated in the alleged constitutional violation. Summary judgment is appropriate in favor of Officer Chambers for the § 1983 claims against him in his individual capacity.

### 2. Chief Rockvam

Perry Rockvam was the Chief of Police of Cody and the commanding officer of the Police Department at the time of Dehaan's arrest on October 29, 2004. Dehaan alleges that Chief Rockvam "failed to instruct, supervise, control, and discipline [Officer Chambers] on a continuing basis" depriving him of his constitutional rights. (Plaintiff's Complaint Count II, ¶ 3). The only actions of Chief Rockvam of which the Plaintiff complains are in his role as a supervisor over Torin Chambers. (Count II, ¶¶ 1-8 of Plaintiff's Complaint).

*Dehaan v. Rockvam, et al, Docket No. 07-CV-257*
Defendants' Memorandum in Support of Motion for Summary Judgment
Page 6 of 11

As stated above, Torin Chambers was not present during the arrest of Dehaan and could not have caused the injuries of which Dehaan complains. Because Torin Chambers did not violate Dehaan's constitutional rights, the first requirement in holding Chief Rockvam individually liable fails. Further, the record is devoid of allegations or information to show Chief Rockvam personally directed or had knowledge of the arrest of Dehaan on the evening of October 29, 2004. The Plaintiff concedes that he has no knowledge of Chief Rockvam's personal involvement in his arrest. (Dehaan Depo., at 115-116 ). Summary judgment in favor of Chief Rockvam for the § 1983 claims against him in his individual capacity is appropriate.

### 3.     **Sheriff Steward**

Scott Steward was the Sheriff of Park County and commanding officer of the Park County Detention Center (PCDC) during the time of Dehaan's incarceration in October and November 2004. Dehaan claims that Sheriff Steward "failed to instruct, supervise, control, and discipline [the Park County Sheriff's Department and Detention Center] on a continuing basis" depriving him of his constitutional rights. (Plaintiff's Complaint Count IV, ¶ 3). Again, the only allegations made against Sheriff Steward are in his role as a supervisor over the Sheriff's Office and Detention Center.

*Dehaan v. Rockvam, et al, Docket No. 07-CV-257*
Defendants' Memorandum in Support of Motion for Summary Judgment
Page 7 of 11

The record is devoid of allegations or facts revealing that Sheriff Steward had knowledge that Dehaan allegedly requested medical care or was incarcerated during the time period. The Plaintiff concedes that he has no knowledge of Sheriff Steward's personal involvement in his alleged denial of medical care. (Dehaan Depo., at 116). Without facts showing Sheriff Steward directed the alleged denial of medical care or had knowledge of it happening, summary judgment is appropriate in favor of Sheriff Steward for the § 1983 claims against him in his individual capacity.

**B.    Immunity has not been waived for Plaintiff's State Law Claims, therefore, no cause of action exists against the Defendants for Negligent Hiring or Battery**

The Wyoming Governmental Claims Act (WGCA), WYO. STAT. § 1-39-101, et seq., waives sovereign or governmental immunity, but only for certain enumerated torts. *Harbel v. Wintermute*, 883 P.2d 359, 363 (Wyo. 1994); *Veile v. Board of County Com'rs of Washakie County*, 860 P.2d 1174, 1177 (Wyo. 1993). Under the WGCA, immunity is the rule and liability has to be established by an exception. *Vigil v. Ruettgers,* 887 P.2d 521, 524 (Wyo. 1994); *Hurst v. State,* 698 P.2d 1130, 1132 (Wyo. 1985). The WGCA, as a statute that abrogates common law, must be strictly construed. *Weston County Hosp. Joint Powers Bd. v. Westates Const. Co.,* 841 P.2d 841, 847 (Wyo. 1992). "In interpreting the Governmental Claims Act, this court must strictly construe the statutory exceptions to

*Dehaan v. Rockvam, et al, Docket No. 07-CV-257*
Defendants' Memorandum in Support of Motion for Summary Judgment
Page 8 of 11

Case 2:07-cv-00257-ABJ Document 22 Filed 06/16/08 Page 9 of 11

immunity against potential claimants and, conversely, liberally construe the grant of immunity in favor of the governmental entity." *Martinez v. City of Cheyenne,* 791 P.2d 949, 956 (Wyo.1990); WYO. STAT. ANN. §1-1-101 (1988).

Under the WGCA, governmental entities, including local governments, and public employees acting within the scope of their duties are generally immune from liability for the torts they commit. WYO. STAT. ANN. § 1-39- 104(a). Certain specifically identified actions are exceptions to the general immunity rule. WYO. STAT. ANN. §§ 1-39-105 to 1-39-112. Plaintiff's claims for negligent hiring and battery are not exceptions set forth in the WGCA. Officer Chambers, Sheriff Steward and Chief Rockvam are entitled to immunity for all of Plaintiff's state law claims under the WGCA as the exceptions are to be strictly construed. *Martinez,* 791 P.2d at 956; WYO. STAT. ANN. §1-1-101 (1988). Summary judgment is appropriate in favor of the Defendants on all of Plaintiffs state law claims.

**C.    Plaintiff's cause of action for battery is barred by the statute of limitations.**

The Plaintiff claims a cause of action for assault and battery against Officer Chambers for the injuries he received during his arrest. Even assuming the WGCA waived governmental immunity for battery, the statute of limitations for bringing a cause of action for civil battery is one year. WYO. STAT. § 1-3-105(a)(v)(B). It is true that the WGCA

*Dehaan v. Rockvam, et al*, Docket No. 07-CV-257
Defendants' Memorandum in Support of Motion for Summary Judgment
Page 9 of 11

encompasses a two year notice requirement and then a one year statute of limitations for filing a claim after the notice is served. WYO. STAT. § 1-39-101, et. seq. However, the requirements set out in the WGCA do not extend the statute of limitations set out in WYO. STAT. § 1-3-105.

WYO. STAT. § 1-39-114 sets out the statute of limitations for the WGCA and specifically provides that, "[i]n no case shall the statute of limitations provided in this section be longer than any other applicable statute of limitations." The statute of limitations provided in the WGCA is further limited by the first four words of the section, "[e]xcept as otherwise provided." *Id.* For civil battery claims, WYO. STAT. § 1-3-105 specifically provides otherwise and dictates that the statute of limitations period for bringing a civil battery action is one year.

The Plaintiff claims he was injured by Officer Chambers on October 29, 2004, and filed his complaint on October 16, 2007. Because the Plaintiff failed to bring his cause of action by October 29, 2005, his claim for civil battery is barred and dismissal of the battery claim against Officer Chambers is appropriate.

*Dehaan v. Rockvam, et al*, Docket No. 07-CV-257
Defendants' Memorandum in Support of Motion for Summary Judgment
Page 10 of 11

**D.     Conclusion**

For the foregoing reasons, no genuine issue of material fact exists and summary judgment is appropriate in favor of Sheriff Steward, Chief Rockvam and Torin Chambers for the state law claims made against them and for the federal law claims made against them in their individual capacities.

DATED this 16th day of June, 2008.

/s/ Christine Cox
Christine Cox
Senior Assistant Attorney General

**CERTIFICATE OF SERVICE**

I hereby certify that on this on 16th day of June, 2008, a true and correct copy of the foregoing was electronically filed and will be served by same upon the following individuals:

Nicholas H. Carter                                   Richard Rideout
Stephanie M. Humphrey                        Law Offices of Richard Rideout
The Nick Carter Law Firm, P.C.              P.O. Box 389
P O Box 909                                             Cheyenne, WY 82003-0389
Gillette, WY 82717-0909

/s/ Christine Cox
Christine Cox

*Dehaan v. Rockvam, et al*, Docket No. 07-CV-257
Defendants' Memorandum in Support of Motion for Summary Judgment
Page 11 of 11