IN THE UNITED STATES DISTRICT COURT,
FOR THE DISTRICT OF WYOMING

RUDOLF DEHAAN,                           )
                                         )
            Plaintiff,                   )
vs.                                      )        Case No. 07-CV-257-J
                                         )
PERRY ROCKVAM, et al.                    )
                                         )
            Defendants.                  )

### *FINDINGS OF FACT AND CONCLUSIONS OF LAW AND ORDER*

THIS MATTER having come before the Court upon the Defendants Perry Rockvam,
Scott Steward and Torin Chambers' Motion for Summary Judgment and Defendants'
Memorandum in Support of Motion for Summary Judgment and the Court being fully
advised in the premises, the Court finds as follows:

**FINDINGS OF FACT**

1.     Rudolf Dehaan (Dehaan) filed his Complaint for Damages on October 16,
2007, claiming Cody Police Officer Torin Chambers subjected him to excessive force while
handcuffing Dehaan during his arrest on October 29, 2004, and caused injury which violated
Dehaan's 4th Amendment Rights.

2.      Dehaan further claims that he was denied medical treatment for the injury while he was detained in the Park County Detention Center after his arrest in violation of his 8th Amendment rights.

3.      In addition, Plaintiff alleges that Chief Rockvam and Sheriff Steward violated his constitutional rights when they failed to "instruct, supervise, control, and discipline" Officer Chambers, the Park County Sheriff's Office and Detention Center.

4.      Plaintiff finally asserts state law claims for negligent hiring and battery.

5.      In October 2004, The Plaintiff was involved in an accident on an oil rig during work and injured his right arm.

6.      The Plaintiff's arm was placed in a cast on October 12, 2004.

7.      On October 29, 2004, Officer Torin Chambers provided information regarding an investigation to the Park County Attorney which resulted in a warrant being issued for the Plaintiff's arrest.

8.      Torin Chambers left duty on that day at 4:07 p.m.

9.      At 8:26 p.m. that evening, the warrant was executed and the Plaintiff was arrested by Officer Jason Stafford.

10.      Officer Stafford was assisted by Officers Richard and Beck.

11.     The Plaintiff was transported by Officer Richard and booked into the Park County Detention Center at 8:40 p.m.

12.     Torin Chambers did not return to duty again until 5:54 a.m. the next morning, October 30, 2004.

13.     The Plaintiff was transferred to Big Horn County Jail on November 3, 2004, and completed his sentence on November 7, 2004.

## CONCLUSIONS OF LAW

1.     In *Chickasaw Nation v. United States*, 208 F.3d 871, 874-75 (10th Cir. 2000), the Tenth Circuit set the following standard with respect to motions for summary judgment:

> Summary judgment is appropriate where no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  When reviewing a grant of summary judgment, we view the evidence and draw reasonable inferences therefrom in the light most favorable to the non-moving party. *Semins v. Oklahoma ex rel. Dept. of Mental Health & Substance Abuse Servs*., 165 F. 3rd 1321, 1326 (10th Cir.) cert. denied, 528 U.S. 815,120 S. Ct. 53, 145, L. Ed. 2nd 46 (1999).

> See also *Chambers v. Colorado Dept. of Corrections*,  205 F.3d 1237, 1241 (10th Cir. 2000). "Summary Judgment is then appropriate if, after reviewing all the evidence submitted in the light most favorable to the non-movant, no genuine issue of material fact services to merit a trial." citing *UMLIC-Nine Corp. v. Lipan Springs Development Corp*., 168 F.3d 1173, 1176 (10th Cir. 1999).

2.     To prevail on a claim for damages for a constitutional violation pursuant to 42 U.S.C. § 1983, Mr. Dehaan must establish not only that the defendants acted under color of

state law but also caused or contributed to the alleged violation. *Jenkins v. Wood,* 81 F.3d 988, 995-6 (10th Cir. 1996). *See also Ruark v. Solano*, 928 F.2d 947, 950 (10th Cir. 1991); *Snell v. Tunnell,* 920 F.2d 673, 700 (10th Cir. 1990); *and Bennett v. Passic,* 545 F.2d 1260, 1262-63 (10th Cir. 1976).

3.      "Individual liability under § 1983 must be based on personal participation in the constitutional violation." *Foote v. Spiegel,* 118 F.3d 1416, 1423 (10th Cir. 1997).

4.      Under Section 1983, government officials are not vicariously liable for the misconduct of subordinates. *Serna v. Colorado Department of Corrections*, 455 F.3d 1146, 1151 (10th Cir. 2006).

5.      To establish a Section 1983 claim against a supervisor in his individual capacity for the acts of his subordinates, the Plaintiff must first show that the subordinates violated the constitution. *Id.*

6.      Then, the Plaintiff must show "a deliberate, intentional act by the supervisor to violate constitutional rights." *Woodward v. City of Worland,* 977 F.2d 1392, 1399 (10th Cir. 1992)(citing *City of Canton,* 489 U.S. 378, 389).

7.      Dehaan must either show that each defendant personally participated in the alleged violation, or each defendant had the opportunity to intervene in the alleged violation against Dehaan and failed to do so. *Wise v. Bravo,* 666 F.2d 1328, 1333 (10th Cir. 1981); *Lusby v. T.G. & Y. Stores, Inc.,* 749 F.2d 1423, 1433 (10th Cir. 1984).

8.      Specifically for supervisory liability, Dehaan must show that Chief Rockvam and Sheriff Steward personally directed the violations or had actual knowledge of the violations and acquiesced in its continuance.  *Id.* at 1400.

9.      Mr. Dehaan's Complaint specifically alleges that Officer Chambers is the officer who arrested him and forced his arms behind his back to handcuff him on October 29, 2004.  (Plaintiff's Complaint, ¶22.)

9.      However, the record clearly shows that Officer Chambers was not on duty the night of October 29, 2004, and did not participate in the arrest of Dehaan.

10.      The Plaintiff concedes that Officer Chambers may not have been present or involved in his arrest that evening

11.      Because Officer Chambers was not present during the arrest and handcuffing of Dehaan, he could not have personally participated in the alleged constitutional violation.

12.       Summary judgment is appropriate in favor of Officer Chambers for the § 1983 claims against him in his individual capacity.

13.      Perry Rockvam was the Chief of Police of Cody and the commanding officer of the Police Department at the time of Dehaan's arrest on October 29, 2004.

14.      Dehaan alleges that Chief Rockvam "failed to instruct, supervise, control, and discipline [Officer Chambers] on a continuing basis" depriving him of his constitutional rights.

15.     The only actions of Chief Rockvam of which the Plaintiff complains are in his role as a supervisor over Torin Chambers.

16.     As stated above, Torin Chambers was not present during the arrest of Dehaan and could not have caused the injuries of which Dehaan complains.

17.     Because Torin Chambers did not violate Dehaan's constitutional rights, the first requirement in holding Chief Rockvam individually liable fails.

18.     Further, the record is devoid of allegations or information to show Chief Rockvam personally directed or had knowledge of the arrest of Dehaan on the evening of October 29, 2004.

19.     The Plaintiff concedes that he has no knowledge of Chief Rockvam's personal involvement in his arrest.

20.     Summary judgment in favor of Chief Rockvam for the § 1983 claims against him in his individual capacity is appropriate.

21.     Scott Steward was the Sheriff of Park County and commanding officer of the Park County Detention Center (PCDC) during the time of Dehaan's incarceration in October and November 2004.

22.     Dehaan claims that Sheriff Steward "failed to instruct, supervise, control, and discipline [the Park County Sheriff's Department and Detention Center] on a continuing basis" depriving him of his constitutional rights.

23.     Again, the only allegations made against Sheriff Steward are in his role as a supervisor over the Sheriff's Office and Detention Center.

24.     The record is devoid of allegations or facts revealing that Sheriff Steward had knowledge that Dehaan allegedly requested medical care or was incarcerated during the time period.

25.     The Plaintiff concedes that he has no knowledge of Sheriff Steward's personal involvement in his alleged denial of medical care.

26.     Without facts showing Sheriff Steward directed the alleged denial of medical care or had knowledge of it happening, summary judgment is appropriate in favor of Sheriff Steward for the § 1983 claims against him in his individual capacity.

27.     The Wyoming Governmental Claims Act (WGCA), WYO. STAT. § 1-39-101, et seq., waives sovereign or governmental immunity, but only for certain enumerated torts. *Harbel v. Wintermute*, 883 P.2d 359, 363 (Wyo. 1994); *Veile v. Board of County Com'rs of Washakie County*, 860 P.2d 1174, 1177 (Wyo. 1993).

28.     Under the WGCA, immunity is the rule and liability has to be established by an exception. *Vigil v. Ruettgers,* 887 P.2d 521, 524 (Wyo. 1994); *Hurst v. State,* 698 P.2d 1130, 1132 (Wyo. 1985).

29.     The WGCA, as a statute that abrogates common law, must be strictly construed. *Weston County Hosp. Joint Powers Bd. v. Westates Const. Co.,* 841 P.2d 841, 847 (Wyo. 1992).

30.     "In interpreting the Governmental Claims Act, this court must strictly construe the statutory exceptions to immunity against potential claimants and, conversely, liberally construe the grant of immunity in favor of the governmental entity." *Martinez v. City of Cheyenne,* 791 P.2d 949, 956 (Wyo.1990); WYO. STAT. ANN. §1-1-101 (1988).

31.     Under the WGCA, governmental entities, including local governments, and public employees acting within the scope of their duties are generally immune from liability for the torts they commit.  WYO. STAT. ANN. § 1-39- 104(a).

32.     Certain specifically identified actions are exceptions to the general immunity rule.  WYO. STAT. ANN. §§ 1-39-105 to 1-39-112.

33.     Plaintiff's claims for negligent hiring and battery are not exceptions set forth in the WGCA.

34.     Officer Chambers, Sheriff Steward and Chief Rockvam are entitled to immunity for all of Plaintiff's state law claims under the WGCA as the exceptions are to be strictly construed.  *Martinez,* 791 P.2d at 956; WYO. STAT. ANN. §1-1-101 (1988).

35.     Summary judgment is appropriate in favor of the Defendants on all of Plaintiffs state law claims.

36.     The Plaintiff claims a cause of action for assault and battery against Officer Chambers for the injuries he received during his arrest.

37.     Even assuming the WGCA waived governmental immunity for battery, the statute of limitations for bringing a cause of action for civil battery is one year.  WYO. STAT. § 1-3-105(a)(v)(B).

38.     It is true that the Wyoming Governmental Claims Act (WGCA) encompasses a two year notice requirement and then a one year statute of limitations for filing a claim after the notice is served.  WYO. STAT. § 1-39-101, et. seq.

39.     However, the requirements set out in the WGCA do not extend the statute of limitations set out in WYO. STAT. § 1-3-105.

40.     WYO. STAT. § 1-39-114 sets out the statute of limitations for the WGCA and specifically provides that, "[i]n no case shall the statute of limitations provided in this section be longer than any other applicable statute of limitations."

41.     The statute of limitations provided in the WGCA is further limited by the first four words of the section, "[e]xcept as otherwise provided." *Id.*

42.     For civil battery claims, WYO. STAT. § 1-3-105 specifically provides otherwise and dictates that the statute of limitations period for bringing a civil battery action is one year.

43.     The Plaintiff claims he was injured by Officer Chambers on October 29, 2004, and filed his complaint on October 16, 2007.

44.     Because the Plaintiff failed to bring his cause of action by October 29, 2005, his claim for civil battery is barred and dismissal of the battery claim against Officer Chambers is appropriate.

45.    No genuine issue of material fact exists and summary judgment is appropriate in favor of Sheriff Steward, Chief Rockvam and Torin Chambers for the state law claims made against them and for the federal law claims made against them in their individual capacities.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED Summary Judgment is GRANTED on behalf of Sheriff Steward, Chief Rockvam and Torin Chambers for Plaintiff's state law claims; it is

FURTHER ORDERED, ADJUDGED AND DECREED , that Summary Judgment is GRANTED on behalf of Sheriff Steward, Chief Rockvam and Torin Chambers in their individual capacities for Plaintiff's federal claims, each party to bear their own costs and attorneys fees.

DATED this _____ day of _____, 2008.


_____
District Court Judge