Bruce A. Salzburg
Attorney General

John W. Renneisen
Deputy Attorney General

Christine Cox
Senior Assistant Attorney General
Herschler Building, First Floor West
Cheyenne, WY 82002
(307) 777-7250
 (307) 777-8920 facsimile

Attorneys for Perry Rockvam, Scott Steward and Torin Chambers in their Individual Capacities.

IN THE UNITED STATES DISTRICT COURT,
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| RUDOLF DEHAAN, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 07-CV-257-J |
| | ) |
| PERRY ROCKVAM, et al. | ) |
| | ) |
| Defendants. | ) |

### *INDIVIDUAL DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT*

COME NOW, Defendants Perry Rockvam, Scott Steward and Torin Chambers in their Individual Capacities for 42 U.S.C. § 1983 claims and for state law claims, by and through the Office of the Attorney General of the State of Wyoming, and objects to Plaintiff's Motion for Leave to Amend Complaint. In support of this Objection, Defendants state as follows:

1. Plaintiff filed his Motion for Leave to File Amended Complaint at 4:46 p.m. on Friday, June 13, 2008.

2. Rule 15.1 of the Local District Court Rules for the District of Wyoming requires that motions to amend pleadings "include a representation that the movant conferred with the opposing party" and "a representation whether or not the opposing party has an objection to the motion."

3. Plaintiff's Motion does not contain the required representations because the Plaintiff failed to confer with the opposing parties prior to filing his Motion.

4. Plaintiff's Motion for Leave should be denied for failure to comply with Local Rule 15.1(a).

5. Plaintiff's Motion for Leave should also be denied because arresting officer Does were not identified in Plaintiff's Complaint.

6. Plaintiff filed his Complaint on October 18, 2007, challenging his arrest on October 29, 2004.

7. Plaintiff's Complaint names John Does1-6 in the caption.

8. Plaintiff's Motion for Leave to Amend attempts to substitute Officer Jason Stafford and Officer Beck both of the Cody Police Department as the John Does listed in the Caption.

*Dehaan v. Rockvam, et al.,* Case No. 07-CV-257-J
Objection to Motion to Amend
Page 2 of 6

9. Self executing discovery produced to the Plaintiff on February 7, 2008, revealed that Officers Stafford and Beck were the arresting officers on October 29, 2008, and that Torin Chambers did not take part in the arrest as claimed by the Plaintiff. (Defendants' Self Executing Routine Discovery, attached as Exhibit A).

10. Although the caption to Plaintiff's Complaint names Does 1-6, the body of the Complaint specifies the John Does as individuals who specifically did not take part in the arrest of the Plaintiff:

 A. Under Facts Common to All Causes of Action, the Plaintiff specifically names Torin Chambers as the only officer who applied excessive force while arresting the Plaintiff.

 B. Under Count I, Fourth Amendment Violation for Use of Excessive Force, the Plaintiff unequivocally names only Torin Chambers as the arresting officer who applied excessive force.

 C. Under Count II, Fourth Amendment Violation for Use of Excessive Force – Supervisory Liability, Plaintiff names the Chief of Police, Perry Rockvam, and Does 1-3 as liable for Torin Chambers' actions because they were his supervisors.

 D. Under Count III, Eighth Amendment Violation Cruel and Unusual Punishment, the Plaintiff names the Park County Sheriff, Scott Steward, and Does 4-6 as failing to provide medical treatment to the Plaintiff.

*Dehaan v. Rockvam, et al.,* Case No. 07-CV-257-J
Objection to Motion to Amend
Page 3 of 6

E. Under Count IV, Eighth Amendment Violation Cruel and Unusual Punishment – Supervisory Liability, the Plaintiff names the Park County Sheriff, Scott Steward, and Does 4-6 as liable as supervisors within the Park County Detention Center.

F. Under Count V, State Law, Negligence and Negligent Hiring, the Plaintiff names Does 1-6 as liable for their breach in hiring, supervising and controlling Officer Chambers and by failing to offer competent medical care.

G. Under Count VI, Battery, the Plaintiff names only Torin Chambers as injuring the Plaintiff during his arrest.

11. Plaintiff's Complaint is clear; Torin Chambers is the only officer alleged to have used excessive force on the Plaintiff.

12. No Does were named or referenced as causing the Plaintiff's injury during the Plaintiff's arrest.

13. The Defendants were not put on notice that other arresting officers might be named because no arresting officer Does were identified within the Complaint.

14. Plaintiff's Motion for Leave to File Amended Complaint should be denied.

15. Additionally, this Court entered its Order on Initial Pretrial Conference on February 26, 2008, which clearly set the dispositive motion deadline for the Defendants on Monday, June 16, 2008.

*Dehaan v. Rockvam, et al.,* Case No. 07-CV-257-J
Objection to Motion to Amend
Page 4 of 6

16. Although the arresting officers were revealed to the Plaintiff on February 7, 2008, the Plaintiff failed to attempt to amend his Complaint until 4: 46 p.m. on Friday, June 13, 2008, a mere 4 minutes prior to the close of the work week leading up to Defendants' dispositive motion deadline.

17. Similarly, June 16, 2008, also marks the discovery cut-off period for this case.

18. Trial by ambush is not contemplated by the Federal Rules of Civil Procedure nor the Local Rules of this Court.

19. The Defendants would be greatly prejudiced if Plaintiff's Motion for Leave were granted because they were not put on notice until 4:47 p.m. on June 13, 2008, that they may need to defend the actions of the arresting officers in their Motion for Summary Judgment due today, June 16, 2008, and are now cut-off from doing additional discovery regarding the actions of the arresting officers.

20. Plaintiff's Motion for Leave to File Amended Complaint should be denied.

21. Due to the lack of notice of arresting officer Does in Plaintiff's Complaint, the Plaintiff should be required to request to amend his Complaint as the rules require for adding additional parties and not by the naming of John Doe defendants.

21. Because newly named Defendants would be contemplated, if an amendment is ultimately allowed naming Officers Stafford and Beck as defendants, all deadlines should be vacated and reset upon a new pretrial conference.

*Dehaan v. Rockvam, et al.,* Case No. 07-CV-257-J
Objection to Motion to Amend
Page 5 of 6

WHEREFORE, the Defendants request that Plaintiff's Motion for Leave to Amend the Complaint Based Upon Information Obtained During Discovery be denied.

DATED this 16th day of June, 2008.

                                          /s/ Christine Cox
                                          Christine Cox
                                          Senior Assistant Attorney General

## CERTIFICATE OF SERVICE

I hereby certify that on this on 16th day of June, 2008, a true and correct copy of the foregoing was electronically filed and will be served by same upon the following individuals:

| | |
|---|---|
| Nicholas H. Carter | Richard Rideout |
| Stephanie M. Humphrey | Law Offices of Richard Rideout |
| The Nick Carter Law Firm, P.C. | P.O. Box 389 |
| P O Box 909 | Cheyenne, WY 82003-0389 |
| Gillette, WY 82717-0909 | |

                                          /s/ Christine Cox
                                          Christine Cox

*Dehaan v. Rockvam, et al.,* Case No. 07-CV-257-J
Objection to Motion to Amend
Page 6 of 6