Richard Rideout, Esq.
Law Offices of Richard Rideout, PC
211 West 19th Street, Suite 100
P.O. Box 389
Cheyenne, Wyoming  82003-0389
307.632.1901
307.432.7522 fax
rsrideout@qwestoffice.net

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| RUDOLF DEHAAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.07-CV-257J |
| | ) | |
| PERRY ROCKVAM, individually | ) | |
| and as representative for | ) | |
| CODY POLICE DEPARTMENT, and | ) | |
| CODY POLICE DEPARTMENT, and | ) | |
| SCOTT A. STEWARD, | ) | |
| individually and as | ) | |
| representative for PARK | ) | |
| COUNTY SHERIFF'S DEPARTMENT | ) | |
| AND DETENTION CENTER, and | ) | |
| PARK COUNTY SHERIFF'S OFFICE | ) | |
| AND DETENTION CENTER, and | ) | |
| OFFICER TORIN CHAMBERS, and | ) | |
| JOHN DOES #1-#6, | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS' MEMORANDUM IN SUPPORT
### OF MOTION FOR SUMMARY JUDGMENT

COME NOW the Defendants, Perry Rockvam and Scott A.

Steward, in their official capacities and the Cody Police

Department and the Park County Sheriff's Department and

Detention Center ("Defendants" or as individually

1

identified), and submit their Memorandum In Support Of

Motion For Summary Judgment.

### STATEMENT OF FACTS

On October 29, 2004, at approximately 8:26 pm, the

Plaintiff, Rudolph Dehaan, Sr. ("Plaintiff" or "Dehaan")

was arrested on a warrant for violation of a protective

order.  Officers Chan Richard, Jon Beck, and Jason Stafford

located the Plaintiff at the Wigwam Hotel in Cody, Wyoming,

where the Plaintiff was currently residing.  Officer

Stafford attempted to handcuff the Plaintiff but was unable

to because of a cast on the Plaintiff's right arm.  Officer

Stafford then searched the Plaintiff and placed him in

Officer Richard's patrol car.  Officer Richard took the

Plaintiff to the Park County Detention Center (Detention

Center) where the Plaintiff was booked.  (Exhibit 1).

The Plaintiff alleges that he was confronted by

Sergeant Torin Chambers, who is not named as being present

at the scene in the police report (Exhibit 1), on October

29, 2004, and that Sgt. Chambers grabbed and twisted his

previously injured arm behind his back.  The Plaintiff then

alleges that Sgt. Chambers threw the Plaintiff on the

ground and landed on top of him and that there was an

audible snapping sound when Sgt. Chambers landed on him.

The Plaintiff allegedly begged officer Chambers to let go

of his arm when Officer Richards arrived and yelled at Sgt.
Chambers to get off of the Plaintiff.  (Complaint, ¶¶ 12-
17).

The Plaintiff was booked into the Park County
Detention Center on October 29, 2004, at approximately 8:40
pm.  At the time of his booking, the booking officer noted
that he had a broken right arm and wrist that were
approximately one and an half weeks old.  He was held at
the Detention Center until November 3, 2004, at which time
he was transferred to the Big Horn County Detention Center.
He was released from the Big Horn County Detention Center
on November 7, 2004.  (Exhibit 2).

On October 29, 2004, the Detention Center completed a
medical screening form where it was noted that there was no
visible signs of trauma that needed immediate medical care
and the Plaintiff did not have pain, bleeding, or other
symptoms suggesting the need for medical services.
(Exhibit 3).  On November 2, 2004, at 11:10 am, the
Plaintiff filled out a Non-Emergency Medical
Request/Consent Form that stated the nature of his problem
was a broken arm and that it was a work related injury.
(Exhibit 4).  While at the Detention Center, the Plaintiff
made several requests for medical treatment.  During these
requests, the Plaintiff was given medication for the pain

3

in his arm and the Detention Center requested and received the medical records from the Kemmerer Hospital regarding this injured arm.  (Exhibit 5).

The Plaintiff claims that while he was detained at the Detention Center, that he requested medical treatment for obvious signs of trauma to his arm and all requests were denied.  The Plaintiff alleges that his arm, wrist, and hand were so swollen that his fingers were discolored and his skin was near splitting from the pressure.  Plaintiff alleges that he was continually denied medical treatment until he was transferred to Big Horn County Detention facility, at which time he was given medical treatment.  He was seen by a physician who referred him to an orthopedic specialist.  The orthopedic specialist determined that the Plaintiff had a compound fracture, that it had nearly broken through the skin, and that it had begun to heal incorrectly while being housed at Park County.  The Plaintiff's arm had to be re-set using plates and screws. (Complaint, ¶¶ 18-22).

The Plaintiff filed his Complaint with this Court on October 16, 2007.  In his Complaint he alleges seven causes of action: (I) Fourth Amendment Violation For Use of Excessive Force -- 42 U.S.C. § 1983, (II) Fourth Amendment Violation For Use of Excessive Force -- Supervisory

4

Liability -- Cody Police Department -- 42 U.S.C. § 1983,

(III) Eighth Amendment Violation Cruel and Unusual

Punishment -- 42 U.S.C. § 1983, (IV) Eighth Amendment

Violation Cruel and Unusual Punishment -- Supervisory

Liability -- Park County Sheriff's Department and Detention

Center -- 42 U.S.C. § 1983, (V) State Law -- Negligence and

Negligent Hiring, (VI) Battery, and (VII) Attorney's Fees

Pursuant to 42 U.S.C. § 1983.  The Defendants filed their

Answer and Assertion of Affirmative Defenses on December 3,

2007.

**ARGUMENT**

Of the seven claims plead in the Plaintiff's

Complaint, only claim II, IV, and V assert a claim of

action against these Defendants.  Claims I, III, and IV

appear to be directed to the Defendants in their individual

capacity.  Claim VII is a claim for attorney's fees

pursuant to 42 U.S.C. § 1983 and there is no response

necessary at this time.

**I.**

The first hurdle the Plaintiff has to establish in

proving Claims I and III is that there was a constitutional

violation.  There can be no municipal liability in § 1983

cases unless there is an underlying constitutional

violation committed by an officer of the municipality.

5

*Olsen v. Layton Hills Mall*, 312 F.3d 1304, at 1317-1318

(10th Cir. 2002).  There is no evidence of a violation of

any of the Plaintiff's constitutional rights and these

Defendants will rely on the arguments set forth in the

Memorandum for Summary Judgment filed by the individual

Defendants regarding this issue.

## II.

If the Plaintiff is able to prove a constitutional

violation, in order to establish municipal liability under

Section 1983 (and to survive a motion for summary judgment

at this stage), a plaintiff must (1) identify and prove

that the entity defendant is the "moving force" behind an

alleged constitutional violation or deprivation, or that an

individual defendant is responsible for those same

violations or deprivations; (2) identify and prove what

"policy and custom" or conduct of the entity is relevant or

applicable, or what a named individual's action or conduct

was; (3) identify and prove what specific constitutionally

protected right or interest of the plaintiff was violated

or he was deprived of; and, (4) how the entity's "policy

and custom" or conduct, or how the individual's action or

conduct, operated to and caused the violation or

deprivation.  *City of Oklahoma City v. Tuttle*, 471 U.S.

808, 829 (1985) (Brennen, J. concurring).  Failure to

satisfy these minimum requirements mandates that summary

judgment for the defendants be granted.  Most importantly

here, when suing a municipality (and suing a public entity

official in his "official capacity" is simply another way

of suing the entity itself) a plaintiff can only establish

liability if he can establish that the entity had a policy,

ordinance, regulation, practice, procedure or custom

officially "adopted" by the entity that operated to deprive

the plaintiff of his constitutionally protected rights.

*Monell v. New York City Department of Social Services*, 436

U.S. 658, 690 (1978); *City of Oklahoma City v. Tuttle*,

*supra*; *Simmons v. Uintah Health Care District*, 506 F.3d

1281 (10th Cir. 2007).

     In order to establish a case based on a custom, a

plaintiff must establish that the specific conduct

complained of (the focus must always be on the specific

facts that allegedly constitute the unconstitutional acts,

here, the excessive use of force and the cruel and unusual

punishment) truly reflects practices of the public

officials are so permanent, pervasive, and well settled as

to constitute a "custom or usage" with the force of law.

The "custom and usage" in question will be attributed to

the governmental body only when the "duration and frequency

of the practice warrants a finding of either actual or

constructive knowledge by the ...governing body [or the policymaker with responsibility for oversight and supervision] that the practices have become customary among its employees.  *Spell v. McDaniel*, 824 F.2d 1380, 1387 (4th Cir. 1987); compare *Thomas v. City of Chattanooga*, 398 F.3d 426, 434 (6th Cir. 2005)(plaintiff bears the "heavy burden" to prove a "clear and consistent pattern of illegal activity" of which the Department knew yet remained "deliberately indifferent about, and that the "custom or usage" was the proximate cause of the deprivation; the standard of evaluation is "deliberate indifference" which does not mean sloppy, negligent or even reckless conduct; it means evidence showing an obvious, deliberate indifference).  See also, *Williams v. Paint Valley Local School District*, 400 F.3d 360, 369 (6th Cir. 2005)(evidence must show that the need to act is so obvious that the entity's *conscious* decision not to act amounted to "deliberate indifference.").  It is also well established that a single incidence of unconstitutional action is insufficient to establish a "custom or usage" under the law.  *Thomas v. City of Chattanooga, supra; Alexander v. City of South Bend*, 433 F.3d 550, 557-8 (7th Cir. 2006); *Pineda v. City of Houston*, 291 F.3d 325, 329-331 (5th Cir. 2002)(11 incidents insufficient).  See also, *City of*

8

*Oklahoma City v. Tuttle, infra* (single incident of

inadequate training insufficient).  The above standard is

used to determine municipal liability in the claim of

excessive force and cruel and unusual punishment.  The

Defendants will address it claim separately using the above

standard.

**A.**

**Claim II: Fourth Amendment Violation For Use
Of Excessive Force -- Supervisory Liability --
Cody Police Department -- 42 U.S.C. § 1983**

The Plaintiff claims that his Fourth Amendment was

violated by the use of excessive force against him by

Officer Chambers on October 29, 2004.  He claims that the

Cody Police Department is liable due to an official custom

or policy of "knowingly, recklessly, or with deliberate

indifference and callous disregard failed to instruct,

supervise, control, and discipline on a continuing basis

Officer Chambers in his duty to refrain from unlawfully,

maliciously, intentionally, and/or recklessly assaulting

and beating a citizen or otherwise using objectively

unreasonable and excessive force before, during or after

the making of an arrest, or other citizen encounter."

Plaintiff further claims that Chief Rockvam, as Chief of

the Cody Police Department, had knowledge of such behavior

or that had he diligently exercised his duties to

supervise, train, control or discipline, should have known,

and that he "approved or ratified the unlawful, deliberate,

malicious, reckless and wanton conduct of Chamber."  As a

direct result of the acts, errors, and omissions of Chief

Rockvam, Plaintiff suffered injuries.  (Complaint, ¶¶ 3-7).

Using the above standard, it is apparent in this case,

that there is no policy, ordinance, regulation, practice,

procedure, or custom of the Defendants that operated to

deprive the Plaintiff of any of his civil rights.  In fact,

the Plaintiff has made no effort whatsoever to even attempt

to identify such an official policy, *et cetera* (and it is

his burden to do so); we do not know, for example, whether

he is claiming the Cody Police Department's policies were

appropriate yet not followed, or were inadequate in some

respect and why, or that there were informal customs or

practices that were inappropriate, or whether there was a

failure to train or supervise as to the appropriate

policies.  Further, at his deposition, the Plaintiff

admitted that he had no knowledge of the Cody Police

Department's policies and procedures in regards to

training, hiring, or supervising.

Second, the Plaintiff has offered no evidence of a

custom of the Cody Police Department that acted to violate

his constitutional rights.  Even assuming that all of the

facts alleged by the Plaintiff are true, the Plaintiff has still failed to meet his burden of proof.  He has brought forth no evidence of similar situations at the Cody Police Department neither before nor after the alleged incident on October 29, 2004.  In fact, the officer that he is alleging committed the alleged violation was not even present at the time of the arrest.

Summary judgment should be granted to the Defendants on this claim.

**B.**

### Claim IV: Eighth Amendment Violation Cruel and Unusual Punishment -- Supervisory Liability -- Park County Sheriff's Department and Detention Center -- 42 U.S.C. § 1983

The Plaintiff claims that while he was confined at the Park County Detention Center, the Defendants "knowingly, recklessly, or with deliberate indifference and callous disregard of Plaintiff's rights, failed to instruct, supervise, control, and discipline the Park County Sheriff's Department and Detention Center and unlawfully, maliciously, intentionally, and/or recklessly ignored the Plaintiff's request for medical attention," and as a direct cause the Plaintiff suffered injuries.  (Complaint, ¶¶ 3-7).

Once again, using the above standard, the Plaintiff has failed to meet his burden of proof.  He has failed to identify a policy, ordinance, regulation, practice, procedure, or custom of the Defendants that operated to deprive the Plaintiff of his civil rights.  In fact, during his deposition, he admitted that he had no knowledge of Park County Detention Center's training, supervising, or disciplining policies.  Further, he has failed to establish a custom that operated to deprive him of his civil rights. He has not put forth any evidence of similar treatment to other detainees or inmates.

Summary judgment should be granted to the Defendants on this claim.

### III.

In Claim IV: State Law Negligence and Negligent Hiring, the Plaintiff claims that Chief Rockvam, the Cody Police Department, Sheriff, Scott Steward, and the Park County Sheriff's Department and Detention Center "breached their duties by not hiring competent and law-abiding employees, as well as failing to supervise and/or discipline said employees, and by failing to offer competent medical care to detainees/inmates in their custody."  These Defendants can only be held liable for this claim under a respondeat superior theory.  Therefore,

12

the Defendants will rely on the arguments set forth in the

Memorandum for Summary Judgment filed by the Defendants in

their individual capacities.

**CONCLUSION**

Therefore, for the foregoing reasons, the Defendants

respectfully request that the court grant summary judgment

in the Defendants' favor.

Dated this 16th day of June 2008.



Cody Police Department, *et al.*,
Defendants


By:   /s/ Richard Rideout
RICHARD RIDEOUT, ESQ.
Law Offices of Richard Rideout, PC
211 West 19th Street, Suite 100
P.O. Box 389
Cheyenne, Wyoming   82003-0389
307.632.1901
307.432.7522 fax
rsrideout@qwestoffice.net

ATTORNEY FOR THE DEFENDANTS

13

## CERTIFICATE OF SERVICE

I, RICHARD RIDEOUT, do hereby certify that a true and correct copy of the foregoing **DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** was served by electronic filing, this 16th day of June 2008, addressed as follows:

Nicholas H. Carter, Esq.
Stephanie M. Humphrey, Esq.
The Nick Carter Law Firm, P.C.
310 South Gillette Ave., Suite B
P.O. Box 909
Gillette, Wyoming  82717
307.682.9349
307.687.7690 fax

Christine Cox, Esq.
Senior Assistant Attorney General
Wyoming Attorney General's Office
2424 Pioneer Avenue, 2nd Floor
Cheyenne, Wyoming  82002
307.777.7250
307.777.6329 fax


                                    /s/ Richard Rideout
                                    RICHARD RIDEOUT, ESQ.