FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

JUN 2 3 2008

Stephan Harris, Clerk
Cheyenne

# United States District Court
## For The District of Wyoming

| | | |
|---|---|---|
| RUDOLF DEHAAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil No. 07–CV–257–J |
| | ) | |
| PERRY ROCKVAM, et al | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT BASED UPON INFORMATION OBTAINED DURING DISCOVERY

This matter having come before the Court on plaintiff's Motion for Leave to Amend Complaint Based Upon Information Obtained During Discovery, and the Court having carefully considered the motion and being fully advised in the premises FINDS:

1.  This case originally comes before the Court on plaintiff's claims for violations of the Fourth and Eighth Amendments to the United States Constitution as well as negligence, negligent hiring, and battery. Specifically, plaintiff alleges that on October 29, 2004, he was contacted by Officer Tom Chambers of the Cody Police Department regarding a warrant for plaintiff's arrest. Plaintiff states that Chambers confronted him, twisted plaintiff's previously injured arm, threw plaintiff to the ground, and landed on top of plaintiff, causing an audible snapping sound. Plaintiff

1

states that Chambers briefly ceased assaulting plaintiff and that an Officer Chan Richards took plaintiff to the Park County Detention Center without using handcuffs or facing any resistance by plaintiff. Plaintiff alleges that while at the detention center, he was denied medical care and suffered a swollen arm, wrist, and hand, the latter of which nearly caused his skin to split from the pressure. Plaintiff asserts that he was then transferred to Big Horn County Jail where he received immediate medical attention and where it was determined that he suffered a compound fracture in his arm.

Plaintiff contends Chambers violated his Fourth Amendment rights by using excessive force in apprehending plaintiff and that the Cody Police Department is vicariously liable for Chambers' offenses. In addition, plaintiff asserts that Officer Richards, Scott Steward, and various employees of the detention center violated his Eighth Amendment rights because they inflicted cruel and unusual punishment upon him by holding him without providing medical treatment; plaintiff further contends the Park County Sheriff's Department and Detention Center is liable as their supervisor and is also negligent for hiring them. Finally, plaintiff asserts Chambers committed a batter when he grabbed and threw plaintiff down outside of plaintiff's home. Plaintiff seeks compensatory damages, punitive damages, and costs.

2.     In the instant motion, plaintiff seeks permission to amend his complaint to add the names of two of the John Doe defendants listed in the original complaint. Plaintiff states that he learned the names of these defendants–Jason Stafford and an "Officer Beck"–in the discovery process.

3.      Defendants oppose plaintiff's motion and request that said motion be denied. Defendants state that plaintiff failed to name any John Doe arresting officers in his original complaint and therefore should not now be able to add both Stafford and Beck. In addition, defendants note that plaintiff filed his motion just prior to the discovery cut-off deadline. Defendants assert that they would suffer significant prejudice if plaintiff amended his complaint because with the passing of the discovery deadline, they would be cut-off from undertaking any new discovery regarding the added defendants.

4.      Federal Rule of Civil Procedure 15 states that a party may amend its pleading once as a matter of course "before being served with a responsive pleading" or "within 20 days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar." Fed. R. Civ. P. 15(a)(1). All other amendments are permitted only with the "court's leave," which shall be given "when justice so requires." Fed. R. Civ. P. 15(a)(2). The Supreme Court has held that:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962). Motions to amend should be evaluated both for timeliness and prejudice, *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1205 (10th Cir. 2006), and the Court will address each in turn.

A. Timeliness

Although "[l]ateness itself does not justify the denial of an amendment," *R.E.B., Inc. v. Ralston Purina Co.*, 525 F.2d 749, 751 (10th Cir. 1975), "untimeliness alone" can be a "sufficient reason to deny leave to amend, 'especially when the party filing the motion has no adequate explanation for the delay.'" *Pallotino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994) (citing *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365-66 (10th Cir. 1993). Here, plaintiff's motion comes at a very late date–just prior to the discovery cut-off deadline and more than four months after plaintiff learned the name of the John Doe officers from defendants' self-executing discovery. Furthermore, plaintiff provides no evidence that it discovered any new evidence that was not available when it filed its original complaint. *See Fed. Ins. Co. v. Gates Learjet Co.*, 823 F.2d 383, 387 (10th Cir. 1987) ("Courts have denied leave to amend in situations where the moving party cannot demonstrate excusable neglect. For example, courts have denied leave to amend where the moving party was aware of the facts on which the amendment was based for some time prior to the filing of the motion to amend.") For these reasons, the Court finds plaintiff's motion to amend untimely.

B. Undue Prejudice

Not only are plaintiff's proposed amendments untimely, but permitting them to be added to plaintiff's complaint would unduly prejudice the defendants. Courts typically find prejudice where "the amendment unfairly affects the defendants 'in terms of preparing their defense to the amendment.'" *Minter*, 451 F.3d at 1208 (citing *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971).

4

The potential prejudice here from plaintiff's proposed amendments is easily identifiable. Key discovery deadlines–the discovery cut-off date, defendants' expert witness designation deadline, and the dispositive motion deadline–have come and gone. This tight schedule makes it difficult for defendants to prepare adequately to defend the charges against the additional defendants. In addition, due to plaintiff's failure to name any John Doe arresting officers in his complaint, defendants have had no notice of any potential additional arresting officers and plaintiff's motion comes as a complete surprise. Such a result clearly imposes too great a burden on defendants. Thus, the Court also finds plaintiff's proposed amendments would unduly prejudice defendants.

5. The Court finds that plaintiff's motion is both untimely and unduly prejudices the defendant, and therefore plaintiff's motion is denied.

NOW, THEREFORE, IT IS ORDERED that plaintiff's Motion for Leave to Amend Complaint Based Upon Information Obtained During Discovery is DENIED.

Dated this 23rd day of June, 2008.

William C. Beaman
United States Magistrate Judge