Nicholas H. Carter, Esq.
Stephanie M. Humphrey, Esq.
The Nick Carter Law Firm, P.C.
310 South Gillette Ave., Suite B
P.O. Box 909
Gillette, WY 82717-0909
(307) 682-9349
(307) 687-7690 - Fax

# IN THE UNITED STATES DISTRICT COURT,
# FOR THE DISTRICT OF WYOMING

**RUDOLF DEHAAN,**

    *Plaintiff,*

vs.                                                                          Civil Case No. 07-CV-0257-J

**PERRY ROCKVAM, individually and as representative for CODY POLICE DEPARTMENT, and CODY POLICE DEPARTMENT, and SCOTT A. STEWARD, individually and as representative for PARK COUNTY SHERIFF'S DEPARTMENT AND DETENTION CENTER, and PARK COUNTY SHERIFF'S OFFICE AND DETENTION CENTER, and OFFICER TORIN CHAMBERS, and JOHN DOES #1-#6,**

    *Defendants.*

## PLAINTIFF'S REQUEST TO SET ASIDE THE ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT UPON INFORMATION OBTAINED DURING DISCOVERY

Plaintiff, Rudolf Dehaan, by and through his attorneys, Nicholas H. Carter and Stephanie M. Humphrey, The Nick Carter Law Firm, P.C., hereby respectfully requests an Order Setting Aside the decision Denying Plaintiff's Request To Amend his Complaint issued on June 23, 2008. The Court

issued an Order requiring Compliance with Local Rule 15.1 on June 16, 2008. That was seven days ago as of the filing of Plaintiff's current Motion. In the initial Court Order, the Court stated that, "the Complaint Based Upon Information Obtained During Discovery will not be ruled on or set for hearing until such time as the plaintiff fully complies with United States District Court Local Rule 15.1 (a)."

Plaintiff's counsel discussed Defendant's objection with Ms. Cox on June 23, 2008, and intended to file a Motion for Compliance within the next 24 hours. Plaintiff's counsel was waiting to hear back from Mr. Rideout, Counsel for remaining Defendants before filing our Compliance.

Plaintiff would have filed the Compliance and only waited to do so to discuss this matter with Defense Counsel.

Further, the Court denied Plaintiff's Motion for two specific reasons, Timeliness and Undue Prejudice. Plaintiff will address them both at this time.

Timeliness: Plaintiff did receive the Defendant's Self-Executing Discovery in February of 2008. However, it was not until Plaintiff's Deposition on June 9, 2008, that Plaintiff told both Defense and Plaintiff's counsel that there was a problem with the parties named. Plaintiff then filed their request for Relief within 5 days of discovering the problem with the Complaint, thus making the filing of the Amendment as timely as possible.

Undue Prejudice: Defense counsel was on notice of all parties that were involved from the date that they sent discovery in February of 2008. It should not have come as a surprise that the

Dehaan v. Rockvam, et al.
Plaintiff's Request for Order Setting Aside Order Denying Plaintiff's Motion for Leave
to Amend the Complaint Based Upon Information Obtained During Discovery
Page 2

parties changed when Plaintiff admitted that he may have named the wrong party in his deposition. The proposed change of adding Officers Beck and Stafford, would not be unduly prejudicial because they are employed by the same agency as the initial party, Torin Chambers.

Lastly, as the Court stated in its Order Denying Plaintiff's Request for Leave to Amend Complaint, leave should "freely given" when justice so requires. Plaintiff, in his deposition testified that he was not sure who threw him to the ground, neither party knew until June 9, 2008, that it was likely not Officer Chambers. Until that date, our client was adamant that regardless of what the report said, that Officer Chambers had been the offending party.

**WHEREFORE,** Plaintiff would request an Order setting Aside Order Denying Motion for Leave to Amend the Complaint Based upon Information Obtained During Discovery.

Respectfully submitted this 23rd day of June, 2008.

Nicholas H. Carter, WY State Bar #5-2742
Stephanie M. Humphrey, WY State Bar #6-3865
Attorneys for Plaintiff
**The Nick Carter Law Firm, P.C.**
310 South Gillette Avenue, Suite B
Post Office Box 909
Gillette, Wyoming 82717-0909
Telephone: (307) 682-9349
Facsimile: (307) 687-7690
E-mail: attorneys@nickcarterlaw.net

Plaintiff's Request for Order Setting Aside Order Denying Plaintiff's Motion for Leave
to Amend the Complaint Based Upon Information Obtained During Discovery
Page 3

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of June, 2008, the foregoing Plaintiff's Proposed Stipulations to Facts were sent to the following individuals via email:

| | |
|---|---|
| **Bruce A. Salzburg**<br>Attorney General | E-mail @ attorneygeneral.state.wy.us. |
| **John W. Renneisen**<br>Deputy Attorney General | |
| **Christine Cox**<br>Senior Assistant Attorney General<br>Herschler Building, First Floor West<br>Cheyenne, WY 82002 | ccox1@state.wy.us |
| **Richard Rideout**<br>Law Offices of Richard Rideout<br>P.O. Box 389<br>Cheyenne, WY 82003-0389 | E-mail @ rsrideout@qwest.net |

_____
Stephanie M. Humphrey

Dehaan v. Rockvam, et al.
Plaintiff's Request for Order Setting Aside Order Denying Plaintiff's Motion for Leave
to Amend the Complaint Based Upon Information Obtained During Discovery
Page 4