Bruce A. Salzburg
Attorney General

John W. Renneisen
Deputy Attorney General

Christine Cox
Senior Assistant Attorney General
Herschler Building, First Floor West
Cheyenne, WY 82002
(307) 777-7250
 (307) 777-8920 facsimile

Attorneys for Perry Rockvam, Scott Steward and Torin Chambers in their Individual Capacities.

IN THE UNITED STATES DISTRICT COURT,
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| RUDOLF DEHAAN, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 07-CV-257-J |
| ) | |
| PERRY ROCKVAM, et al. ) | |
| ) | |
| Defendants. ) | |

*INDIVIDUAL DEFENDANTS' RESPONSE TO PLAINTIFF'S REQUEST TO SET ASIDE THE ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT UPON INFORMATION OBTAINED DURING DISCOVERY*

COME NOW, Defendants Perry Rockvam, Scott Steward and Torin Chambers in their Individual Capacities for 42 U.S.C. § 1983 claims and for state law claims, by and through the Office of the Attorney General of the State of Wyoming, and responds to Plaintiff's request to set aside the Order denying Plaintiff's motion to amend his Complaint. In response to Plaintiff's Request, Defendants state as follows:

1. Plaintiff filed his Motion for Leave to File Amended Complaint at 4:46 p.m. on Friday, June 13, 2008.

2. On Monday, June 16, 2008, the Court entered an Order requiring the Plaintiff to comply with the requirements set out in United States District Court Local Rule 15.1(a), however, that Order was not entered in the system until June 17, 2008.

3. These Defendants filed an objection to Plaintiff's motion at 4:40 p.m. on Monday, June 16, 2008.

4. After considering the Defendants' Objection, the Court entered an Order Denying Plaintiff's Motion for Leave to Amend on June 23, 2008.

5. The Plaintiff responded by requesting an "Order Setting Aside the Decision Denying Plaintiff's Request to Amend his Complaint" at 5:00 p.m. on June 23, 2008.

6. A request to set aside an order is not contemplated by the Federal Rules of Civil Procedure nor the Local Rules of this Court.

7. The appropriate request by the Plaintiff would be an appeal of a non-dispositive matter to the District Judge through a Motion for Reconsideration as specifically set out in United States District Court Local Rule 74.1(a).

8. Plaintiff's Request is improper and should be denied as such.

9. However, even if the Plaintiff complied with Local Rule 74.1(a), he would fail to meet the burden of showing that the Magistrate Judge's order is "clearly erroneous or contrary to law." Local Rule 74.1(a).

10. Plaintiff's response to the untimeliness of his motion to amend his Complaint admits that he received the self-executing discovery served on February 7, 2008, but "it was not until the Plaintiff's Deposition on June 9, 2008, that Plaintiff told both Defense and Plaintiff's counsel that there was a problem with the parties named." (Plaintiff's Request, p. 2).

11. During Plaintiff's deposition, he revealed within the first few questions regarding the arrest that there was a possibility Torin Chambers was not the officer who arrested him:

> Q: All right. Do you -- the day -- do you remember the date you were arrested?
> A: October 29, 2004.
> Q: Okay. Explain to me what happened.
> A. They came and arrested me.
> Q. Who are they?
> A. I'm not positive. I thought it was Officer Chambers, but I'm not positive. Two police officers from the Park County Detention Center.
> Q. From the detention center?
> A. Well, for the police department, I guess.
> Q. Are they Park County or Cody?
> A. Cody.

(Deposition of Rudolf Dehaan, p. 53:9-21, attached hereto as Exhibit A).

12. This information should not have been a surprise to counsel for the Plaintiff.

13. Plaintiff's testimony is obviously his own belief that he has had for some time and not that which was uncovered or guessed upon by a long line of questioning by counsel for the Defendants.

13. Further more, Plaintiff was put on notice that Torin Chambers was not on duty nor an arresting officer during Plaintiff's arrest when the Incident Report from Plaintiff's arrest was disclosed on February 7, 2008, and again during the initial pretrial conference held in this matter on February 21, 2008, when counsel specifically stated that Torin Chambers did not take part in the arrest of the Plaintiff because he was not on duty that evening.

14. Failure on the part of Plaintiff's counsel to follow up on the clear information provided months ago regarding the participation of Torin Chambers does not justify the untimeliness of Plaintiff's Motion for Leave to Amend filed 4 minutes prior to the close of the work week leading up to the deadline for discovery cutoff and Defendants' dispositive motion deadline.

15. The Court was correct in its ruling based on untimeliness and prejudice to the Defendants.

WHEREFORE, the Defendants request that Plaintiff's Request to Set Aside Order be denied.

DATED this 27th day of June, 2008.

/s/ Christine Cox
Christine Cox, Senior Assistant Attorney General

## CERTIFICATE OF SERVICE

I hereby certify that on this on 27th day of June, 2008, a true and correct copy of the foregoing was electronically filed and will be served by same upon the following individuals:

Nicholas H. Carter
Stephanie M. Humphrey
The Nick Carter Law Firm, P.C.
P O Box 909
Gillette, WY 82717-0909

Richard Rideout
Law Offices of Richard Rideout
P.O. Box 389
Cheyenne, WY 82003-0389

/s/ Christine Cox
Christine Cox