FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

JUN 3 0 2008

Stephan Harris, Clerk
Cheyenne

# United States District Court
## For The District of Wyoming

RUDOLF DEHAAN,                      )
                                    )
     Plaintiff,               )
                                    )
     vs.                      )    Civil No. 07–CV–257–J
                                    )
PERRY ROCKVAM, et al                )
                                    )
     Defendants.              )
                                    )

## ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S REQUEST TO SET ASIDE THE ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT UPON INFORMATION OBTAINED DURING DISCOVERY

The above-entitled matter, having come before the Court on plaintiff's Request to Set Aside the Order Denying Plaintiff's Motion for Leave to Amend the Complaint Upon Information Obtained During Discovery, and the Court having carefully considered the motion, and response thereto, and being fully advised in the premises, FINDS:

1.    This case originally comes before the Court on plaintiff's claims for violations of the Fourth and Eighth Amendments to the United States Constitution as well as negligence, negligent hiring, and battery. Specifically, plaintiff alleges that on October 29, 2004, he was contacted by Officer Tom Chambers of the Cody Police Department regarding a warrant for plaintiff's arrest. Plaintiff states that Chambers confronted him, twisted plaintiff's previously injured arm, threw

1

plaintiff to the ground, and landed on top of plaintiff, causing an audible snapping sound. Plaintiff states that Chambers briefly ceased assaulting plaintiff and that an Officer Chan Richards took plaintiff to the Park County Detention Center without using handcuffs or facing any resistance by plaintiff. Plaintiff alleges that while at the detention center, he was denied medical care and suffered a swollen arm, wrist, and hand, the latter of which nearly caused his skin to split from the pressure. Plaintiff asserts that he was then transferred to Big Horn County Jail where he received immediate medical attention and where it was determined that he suffered a compound fracture in his arm.

Plaintiff contends Chambers violated his Fourth Amendment rights by using excessive force in apprehending plaintiff and that the Cody Police Department is vicariously liable for Chambers' offenses. In addition, plaintiff asserts that Officer Richards, Scott Steward, and various employees of the detention center violated his Eighth Amendment rights because they inflicted cruel and unusual punishment upon him by holding him without providing medical treatment; plaintiff further contends the Park County Sheriff's Department and Detention Center is liable as their supervisor and is also negligent for hiring them. Finally, plaintiff asserts Chambers committed a batter when he grabbed and threw plaintiff down outside of plaintiff's home. Plaintiff seeks compensatory damages, punitive damages, and costs.

On June 23, 2008, the Honorable William C. Beaman denied plaintiff's Motion for Leave to Amend the Complaint Upon Information Obtained During Discovery.

2.      In the instant motion, plaintiff requests that the Court set aside its order denying the

motion to amend. Plaintiff argues that his motion was not untimely, noting that he did not inform

his counsel of other defendants to be named in the complaint until his deposition on June 9, 2008.

Plaintiff also asserts that defendants had notice of the additional defendants plaintiff now wishes to

add when defendants disclosed their self-executing discovery in February 2008.

3.    Defendants oppose plaintiff's filing and request that said filing be denied.

Defendants note that plaintiff may appeal a magistrate's decision to the district court judge through

a Motion for Reconsideration but may not request that the magistrate set aside his decision. In

addition, defendants reiterate that plaintiff's motion to amend is untimely and prejudicial.

4.    Local Rule 74.1(a) states that "[a]ny party may seek reconsideration by a District

Judge of a Magistrate Judge's order" and that the "trial judge assigned to the case shall reconsider

the matter and shall set aside any portion of the Magistrate Judge's order found to be clearly

erroneous or contrary to law." U.S.D.C.L.R. 74.1(a). Thus, plaintiff's proper avenue to challenge

the order denying his motion to amend is to seek relief from the trial judge assigned to the case, as

per Local Rule 74.1(a). Accordingly, plaintiff's Request to Set Aside the Court's Order is denied

without prejudice.

NOW, THEREFORE, IT IS ORDERED that plaintiff's Request to Set Aside the Order

Denying Plaintiff's Motion for Leave to Amend the Complaint Upon Information Obtained During

Discovery is DENIED WITHOUT PREJUDICE.

Dated this _30th_ day of June, 2008.

William C. Beaman
United States Magistrate Judge

4